HAYNES v VILLAGE OF BEULAH

Docket No. 317391. Submitted October 9, 2014, at Petoskey. Decided
October 21, 2014. Approved for publication December 9, 2014, at
9:25 a.m. Leave to appeal denied 498 Mich 860.

Jeffrey K. and Karen M. Haynes brought an action to quiet title in
the Benzie Circuit Court against the village of Beulah, alleging
that its plans to create angled parking, a new sidewalk, and a
streetway in the platted right-of-way of its streets would
encroach on property that plaintiffs claimed under a theory of
acquiescence. Defendant counterclaimed, seeking an injunction
to require plaintiffs to remove the improvements that they or
their predecessors in title had placed on the disputed property.
Defendant moved for summary disposition on the ground that
MCL 247.190, which governs encroachments on public high-
ways, barred plaintiffs' claim. The court, James M. Batzer, J.,
granted defendant's motion for summary disposition and dis-
missed its counterclaim without prejudice. Plaintiffs appealed.

The Court of Appeals *held*:

1. The court did not err by concluding that the scope of the
term "public highways" in MCL 247.190 was broad enough to
include village streets.

2. The trial court did not err by applying MCL 247.190 to bar
plaintiffs' acquiescence claim and grant summary disposition in
defendant's favor.

3. The holding in *Mason v City of Menominee*, 282 Mich App
525 (2009), did not apply because that case involved a defense
based on MCL 600.5821(2), not MCL 247.190.

4. The unimproved portions of the platted rights-of-way at
issue were covered by MCL 247.190 because defendant had spent
public funds to develop and maintain public roads in the platted
rights-of-way for the two streets involved in this case, which
sufficed to bring the entire width of the platted right-of-way within
the scope of the statute.

Affirmed.

1. PROPERTY — HIGHWAYS AND STREETS — ENCROACHMENTS — VILLAGE STREETS —
   STATUTES — WORDS AND PHRASES — HIGHWAYS.

   The term "highways" in MCL 247.190, which governs encroach-
   ments on public highways, includes village streets.

2. PROPERTY — ACQUIESCENCE — HIGHWAYS AND STREETS — ENCROACHMENTS —
   STATUTES.

   MCL 247.190, which governs encroachments on public highways,
   applies to claims that seek title to disputed property within the
   platted right-of-way of a village street on a theory of acquiescence.

3. HIGHWAYS AND STREETS — PLATTED RIGHTS-OF-WAY — UNIMPROVED PORTIONS.

   Expenditure of public funds on a highway in a dedicated right-of-way
   is sufficient to constitute public acceptance of the entire width for
   purposes of MCL 247.190, even if some strips within the right-of-
   way were never improved.

*Beier Howlett, PC* (by *Jeffrey K. Haynes*), for plaintiffs.

*Smith Haughey Rice & Roegge* (by *Jon D. Vander Ploeg, Daniel M. Morley,* and *Karrie A. Zeits*) for defendant.

Amicus Curiae:

*Johnson, Rosati, Schultz & Joppich, PC* (by *Thomas R. Schultz* and *Carol A. Rosati*), for the Michigan Municipal League and Public Corporation Law Section of the State Bar of Michigan.

Before: MURPHY, C.J., and SAWYER and M. J. KELLY, JJ.

PER CURIAM. Plaintiffs appeal as of right following the trial court's grant of defendant's motion for summary disposition. We affirm.

Plaintiffs claim entitlement to two strips of land within the platted rights-of-way of Lake Street and Commercial Avenue in the village of Beulah under a theory of acquiescence. Plaintiffs are the owners of Lots 10, 11, and a portion of Lot 7 in Block 2, which are

bordered on the northwest by Lake Street and the southwest by Commercial Avenue. Before 1968, plaintiffs' predecessors in title installed railroad ties along Lake Street that separate the traveled portion of road from the grass, rocks, and trees composing the strip of land claimed by plaintiffs. On the southwest, a rock wall installed in the 1950s separates the traveled portion of Commercial Avenue from landscaping plants, a portion of plaintiffs' driveway, a maple tree, and a strip of grass now claimed by plaintiffs. In 2012, the village of Beulah introduced plans that would create angled parking, a new sidewalk, and a streetscape in the platted right-of-way of each street and would occupy portions of the land now claimed by plaintiffs. As a result, plaintiffs brought this action.

Plaintiffs argue that the trial court erred by granting defendant's motion for summary disposition because MCL 247.190 does not apply to platted village streets or property acquiescence claims. We review a trial court's grant of summary disposition de novo. *Beaudrie v Henderson*, 465 Mich 124, 129; 631 NW2d 308 (2001). It is unclear whether the trial court granted summary disposition to defendant under MCR 2.116(C)(8) or MCR 2.116(C)(10). If the trial court granted defendant's motion for summary disposition under MCR 2.116(C)(8) or (10) and it considered documents outside the pleadings, we review the trial court's decision as though it had been made under MCR 2.116(C)(10). *Driver v Hanley (After Remand)*, 226 Mich App 558, 562; 575 NW2d 31 (1997).

MCL 247.190 provides as follows:

> All public highways for which the right of way has at any time been dedicated, given or purchased, shall be and remain a highway of the width so dedicated, given or purchased, and no encroachments by fences, buildings or

otherwise which may have been made since the purchase, dedication or gift nor any encroachments which were within the limits of such right of way at the time of such purchase, dedication or gift, and no encroachments which may hereafter be made, shall give the party or parties, firm or corporation so encroaching, any title or right to the land so encroached upon.

At issue is the scope of the term "highways," which is not defined in the statute.

When interpreting statutes, the primary goal of the judiciary is to ascertain and give effect to the intent of the Legislature. *Neal v Wilkes*, 470 Mich 661, 665; 685 NW2d 648 (2004). When the Legislature has unambiguously conveyed its intent within a statute, judicial interpretation is neither necessary nor permitted. *Koontz v Ameritech Servs, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002). However, if the intent of the Legislature is not clear, courts must interpret statutes in a way that gives effect to every word, phrase, and clause in a statute and "avoid an interpretation that would render any part of the statute surplusage or nugatory." *Id.* If a word is not defined in a statute, that word should be interpreted according to its plain and ordinary meaning, and in "those situations, [this Court] may consult dictionary definitions." *Id.* Judicial interpretation of statutes should "construe an act as a whole to harmonize its provisions and carry out the purpose of the Legislature." *Macomb Co Prosecutor v Murphy*, 464 Mich 149, 159; 627 NW2d 247 (2001).

At issue here is the scope of the term "highways" under MCL 247.190. *Black's Law Dictionary* (10th ed) defines "highway" as follows:

1. Broadly, any main route on land, on water, or in the air. 2. A free and public roadway or street that every person may use. . . . 3. The main public road, esp. a wide one, connecting towns or cities. 4. The entire width between

boundaries of every publicly maintained way when part is
open to public use for purposes of vehicular traffic.

*Random House Webster's College Dictionary* (2000)
defines "highway" as follows: "**1.** A main road, esp. one
between towns or cities. **2.** Any public road or waterway.
**3.** Any main or ordinary route, track, or course."

Moreover, our Supreme Court has had multiple op-
portunities to define the term "highway" in the absence
of a statutory definition both before and after the
Legislature enacted MCL 247.190 in 1925. In 1911 and
again in 1961, the Court used the definition of "high-
way" found in Elliott, A Treatise on the Law of Roads
and Streets (1890), which defines highway as " ' "the
generic name for all kinds of public ways, including
county and township roads, streets and alleys, turn-
pikes and plank roads, railroads and tramways, bridges
and ferries, canals and navigable rivers." ' " *In re Peti-
tion of Carson,* 362 Mich 409, 412; 107 NW2d 902
(1961), quoting *Burdick v Harbor Springs Lumber Co,*
167 Mich 673, 679; 133 NW 822 (1911), quoting Elliott.
More recently, the Court relied on this definition to
determine the scope of the word "highway" in other
Michigan statutes that did not provide internal defini-
tions of the term. See *Advisory Opinion on 1976 PA 295
& 1976 PA 297,* 401 Mich 686, 706-707; 259 NW2d 129
(1977). Because both dictionary definitions and the
definition accepted by our Supreme Court before and
after the Legislature enacted MCL 247.190 support a
broad reading of the term "highway," the trial court did
not err by broadly construing the term to include village
streets.

Plaintiffs also contend that MCL 247.190 does not
apply to property acquiescence claims. We disagree.
MCL 247.190 provides that "no encroachments" on a
public highway "shall give the party or parties, firm or

corporation so encroaching, any title or right to the land so encroached upon." Nothing in the plain language of the statute invites this Court to distinguish between different legal theories used to assert a private claim of title or right to a public highway. Further, as this Court has recently affirmed, "[b]oth adverse possession claims and acquiescence claims seek title to disputed property by virtue of possession, and both involve a limitations period." *Waisanen v Superior Twp*, 305 Mich App 719, 728-729; 854 NW2d 213 (2014).

Plaintiffs also argue that any private claim of title to municipal property brought under a theory of acquiescence falls within the scope of this Court's holding in *Mason v City of Menominee*, 282 Mich App 525; 766 NW2d 888 (2009). We disagree. In *Mason*, the plaintiffs claimed title under a theory of acquiescence to an undeveloped 60-foot strip of land located in a public park that was originally deeded as a proposed street. *Id.* at 527. We decided *Mason* under MCL 600.5821(2), which provides that a private landowner will only be precluded from acquiring municipal property by acquiescence if the action to recover property is brought by the municipality. *Id.* at 529. However, here, defendant does not assert a defense under MCL 600.5821(2), which applies to municipal land generally, but rather under MCL 247.190, which only applies to public highways. Because the platted rights-of-way for Lake Street and Commercial Avenue properly fall within the definition of "public highway" under MCL 247.190, *Mason* does not apply.

Finally, plaintiffs contend that the unimproved portions of platted rights-of-way are not "public highways" entitled to protection under MCL 247.190. Again, we disagree. "[I]t is not essential that every part of the highway, in length or width, should be worked and

traveled in order to show the intention of the public to accept the entire highway." *Crosby v City of Greenville*, 183 Mich 452, 460; 150 NW 246 (1914). Rather, expenditure of public funds on a road in a dedicated right-of-way is sufficient to constitute public acceptance of the entire width, even if a municipality never improved specific strips of land within the right-of-way. *DeFlyer v Oceana Co Rd Comm'rs*, 374 Mich 397, 401-402; 132 NW2d 92 (1965). Here, defendant developed and maintained public roads in the platted rights-of-way for Lake Street and Commercial Avenue. Therefore, the entire width of the platted right-of-way properly falls within the scope of "public highway" under MCL 247.190. Accordingly, the trial court did not err by granting defendant's motion for summary disposition.

Affirmed.

MURPHY, C.J., and SAWYER and M. J. KELLY, JJ., concurred.