*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SUSAN CHRISTIE,

       Plaintiff-Appellee,

UNPUBLISHED
January 28, 2021

v

No. 350321
Wayne Circuit Court
LC No. 19-004888-CD

WAYNE STATE UNIVERSITY,

       Defendant-Appellant.

Before: STEPHENS, P.J., and SERVITTO and LETICA, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's order denying its motion for summary disposition submitted under MCR 2.116(C)(7). We affirm.

## I. BACKGROUND

This appeal arises out of allegations of age and disability discrimination made by plaintiff, a former employee of defendant. Plaintiff was hired by defendant in 1974 as an office assistant and eventually became an office services supervisor at defendant's College of Pharmacy and Health Services. Plaintiff took a medical leave in February 2017 and returned to work on May 1, 2017.

After plaintiff's return from medical leave, plaintiff was allegedly asked by her supervisors "how old she was" and "when she intended to retire." Plaintiff's supervisors also "had several conversations in her presence asking about the ages of employees." According to plaintiff, after 40 plus years of receiving excellent performance evaluations, she received her first negative performance review on September 22, 2017, and was terminated on November 27, 2017.

On April 4, 2019, plaintiff filed a complaint against defendant in Wayne Circuit Court. In the complaint, plaintiff alleged defendant violated the Elliott-Larsen Civil Rights Act ("ELCRA"), MCL 37.2101 *et seq.*, and the Persons With Disabilities Civil Rights Act ("PWDCRA," together with the ELCRA, the "Acts"), MCL 37.1101 *et seq.*

In lieu of answering the complaint, defendant filed a motion for summary disposition citing MCR 2.116(C)(7). In its motion, defendant argued that plaintiff was required to either file a verified complaint with the Court of Claims or file a notice of intent with the Court of Claims within one year of the accrual of plaintiff's claims. Because plaintiff did neither within the one-year time period, defendant asserted plaintiff's claims were barred by governmental immunity.

The trial court disagreed with defendant's arguments and denied defendant's motion for summary disposition, reasoning that the procedures set forth in the Court of Claims Act, MCL 600.6401 *et seq.*, only applied to cases filed in the Court of Claims. This appeal followed.

## II. STANDARD OF REVIEW

This Court "review[s] de novo a trial court's decision to grant or deny a motion for summary disposition under MCR 2.116(C)(7)." *Galea v FCA US LLC*, 323 Mich App 360, 368; 917 NW2d 694 (2018). "A party may support a motion under MCR 2.116(C)(7) by affidavits, depositions, admissions, or other documentary evidence." *Id*. (quotation marks and citation omitted). A movant under MCR 2.116(C)(7) is not, however, required to file supportive material, and the opposing party need not reply with supportive material. "The contents of the complaint are accepted as true unless contradicted by documentation submitted by the movant." *Id*. (quotation marks and citation omitted).

This Court also reviews questions involving statutory interpretation de novo. *Lear Corp v Dep't of Treasury*, 299 Mich App 533, 536; 831 NW2d 255 (2013). Lastly, this Court reviews de novo the question of whether it has jurisdiction to hear an appeal. *Chen v Wayne State Univ*, 284 Mich App 172, 191; 771 NW2d 820 (2009).

## III. DISCUSSION

## A. JURISDICTION

We first address plaintiff's assertion that this Court lacks jurisdiction to hear defendant's appeal because the order appealed is not a final order under MCR 7.202(6)(a)(v). Plaintiff raised the same argument in her earlier motion to dismiss for lack of jurisdiction, which this Court denied. See *Christie v Wayne State Univ*, unpublished order of the Court of Appeals, entered November 25, 2019 (Docket No. 350321). Plaintiff's brief does not raise any new arguments in support of her assertion that this Court lacks jurisdiction.

Under MCR 7.202(6)(a)(v), a "final order"—for purposes of this Court's jurisdiction under MCR 7.203(A)(1)—includes "an order denying governmental immunity to a governmental party, including a governmental agency, official, or employee under MCR 2.116(C)(7) . . . ." At the time this Court denied plaintiff's motion to dismiss, this Court had already held that the state's "assertion that [a] plaintiff failed to comply with MCL 600.6431(1) . . . constitute[s] a claim that [the state] [i]s entitled to governmental immunity" for purposes of MCR 7.202(6)(a)(v). *Progress Mich v Attorney General*, 324 Mich App 659, 666; 922 NW2d 654 (2018), rev'd ___ Mich ___; ___ NW2d ___ (2020) (Docket No. 158151). Our Supreme Court reversed this Court's decision in *Progress Mich*, though the reversal was on other grounds and the Supreme Court explicitly declined to express an opinion on the jurisdictional issue. *Progress Mich v Attorney General*, ___ Mich ___; ___ NW2d ___ (2020) (Docket No. 158151); slip op at 8, n 8 (*Progress* II).

More recently, this Court, in *Tyrrell v Univ of Michigan*, __ Mich App __; __NW2d__ (2020) (Docket No. 349020), determined that a plaintiff's failure to comply with MCL 600.6431 when proceeding against a state defendant in the circuit court does not implicate governmental immunity such that a trial court's denial of a state defendant's summary disposition motion brought under MCR 2.116(C)(7) is not appealable as of right. We elect, however, to treat this appeal as though we had granted leave.

## B. EFFECT OF MCL 600.6431

Turning to the merits of the appeal, defendant argues the trial court erred because under MCL 600.6431, plaintiff was required to file a notice of intent to sue with the Court of Claims, even though plaintiff brought her claims in circuit court. According to defendant, compliance with MCL 600.6431 is a condition precedent to suing it; thus, if the statute is not followed, the lawsuit must be dismissed. We disagree.

"When interpreting statutes, the primary goal of the judiciary is to ascertain and give effect to the intent of the Legislature." *Haynes v Beulah*, 308 Mich App 465, 468; 865 NW2d 923 (2014). "In the absence of ambiguities, judicial construction is neither necessary nor permitted." *Lear Corp*, 299 Mich App at 537 (quotation marks and citation omitted). "However, if the intent of the Legislature is not clear, courts must interpret statutes in a way that gives effect to every word, phrase, and clause in a statute and avoid an interpretation that would render any part of the statute surplusage or nugatory." *Haynes*, 308 Mich App at 468 (quotation marks and citation omitted). "Judicial interpretation of statutes should construe an act as a whole to harmonize its provisions and carry out the purpose of the Legislature." *Id*. (quotation marks and citation omitted).

This Court begins any statutory analyses with the words of the statute itself. *Dillard v Schlussel*, 308 Mich App 429, 445; 865 NW2d 648 (2014). MCL 600.6431(1) states, in relevant part:

> Except as otherwise provided in this section, a claim may not be maintained against this state unless the claimant, within 1 year after the claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against this state or any of its departments, commissions, boards, institutions, arms, or agencies.

This Court recently addressed the application of the above to matters where a plaintiff has sued a state defendant for violation of the PWDCRA in the circuit court—the very issue raised by defendant here. In *Tyrrell*, __ Mich App __ (2020), the plaintiff filed a complaint against the state defendants in circuit court alleging discrimination and retaliation in violation of the PWDCRA. The defendants moved for summary disposition under MCR 2.116(C)(4) and (7), arguing that, in order to maintain her claim against a state university and its employees, plaintiff had to comply with the requirements in MCL 600.6431(1) and, because she did not, dismissal of her claims was required. *Id*. at __; slip op at 1. The trial court, and this Court, disagreed.

The *Tyrrell* Court noted that the original Michigan rule was that the state was immune from "all suits except to the extent that it consented to be sued in its courts." *Id*. at __; slip op at 3. The Court further noted that the legislature can abrogate the state's immunity and has, in fact, expressly

done so with respect to claims brought under the PWDCRA. *Id.* In *Doe v Dep't of Transp*, 324 Mich App 226; 919 NW2d 670 (2018), this Court also determined that the Legislature waived the state's immunity in actions brought under the ELCRA.

The *Tyrrell* Court opined that, consistent with *Fairley v Dep't of Corrections*, 497 Mich 290, 297; 871 NW2d 129 (2015), MCL 600.6431 does not *confer* governmental immunity; rather, "it establishes conditions precedent for avoiding the governmental immunity conferred by the [Government Tort Liability Act]." *Tyrrell*, __Mich App__; slip op 3. The state defendants in *Tyrrell*, as does the state defendant here, then argued that they were nevertheless immune from suit in both the circuit court and the Court of Claims because the plaintiff failed to comply with the conditions precedent set forth in MCL 600.6431. *Id.*

The *Tyrrell* Court determined that MCL 600.6431 does not necessarily implicate governmental immunity and that "[r]eading the COCA [Court of Claims Act] as a whole and considering MCL 600.6431's placement in the statutory scheme suggests that the Legislature intended for MCL 600.6431 to apply only to claims brought in the Court of Claims." *Id*. at __; slip op 4, 6. The Court also held that MCL 600.6431 is limited to claims brought in the Court of Claims:

> The Legislature in the PWDCRA expressly consented to suit, see *In re Bradley Estate*, 494 Mich [367, 393 n 60]; 835 NW2d 545 [(2013)], but did not condition that consent on compliance with MCL 600.6431. Yet MCL 600.6431 *does* create a condition precedent for bringing a claim against certain state defendants. See *Fairley*, 497 Mich at 292 []. It does not, however, confer governmental immunity. See *id.* at 292 []. Then what does compliance with MCL 600.6431 implicate? Absent the Legislature conditioning its consent to be sued on compliance with the COCA, see, e.g. *id.* at 297 [], compliance with the COCA, including MCL 600.6431, is "a question of compliance with the rules of the forum," *Progress II*, – — Mich at ——, —— NW2d —— (slip op at 10), meaning that MCL 600.6431 requires compliance only for those claims brought against state defendants *in the Court of Claims*. [*Tyrrell*, __Mich App__; slip op at 7]

Thus, the Tyrrell Court held that "absent the Legislature conditioning its consent to suit on compliance with the COCA, a plaintiff properly bringing a claim in circuit court against the state or a state defendant to which MCL 600.6431 applies is not required to comply with MCL 600.6431 for his or her claim to proceed in that court." *Id*. at __; slip op at 7.

Given the conclusions in *Tyrrell* and its clear and direct application to the matter before this Court, defendant here was not entitled to governmental immunity from suit based on the claim that plaintiff failed to comply with MCL 600.6431. See MCR 7.215(J)(1). The trial court thus properly denied defendant's motion for summary disposition.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Deborah A. Servitto
/s/ Anica Letica

-4-