*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MR. SUNSHINE and JASON ANDRICH,

        Plaintiffs-Appellants,

v

DELTA COLLEGE BOARD OF TRUSTEES,

        Defendant-Appellee.

FOR PUBLICATION
October 20, 2022
9:00 a.m.

No. 358042
Saginaw Circuit Court
LC No. 20-043053-CZ

Before: M. J. KELLY, P.J., and CAMERON and HOOD, JJ.

CAMERON, J.

This lawsuit arises from plaintiffs' allegations that defendant violated the Open Meetings Act (OMA), MCL 15.261 *et seq.*, when defendant improperly discussed board matters in a closed session. Plaintiffs now appeal the trial court's order granting summary disposition in favor of defendant under MCR 2.116(C)(10). We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Defendant is a public body subject to the OMA.[1] Plaintiffs allege that defendant violated the OMA when defendant held a closed session during a board meeting on June 9, 2020. The minutes from that meeting show that defendant initiated the closed session after: "[A board member] made a motion that the Board go into Closed Session Pursuant to [MCL 15.268(h)] of the [OMA] to Consider Material Exempt from Discussion or Disclosure by State or Federal Statute – a Written Legal Opinion. [Another board member] seconded the motion." The minutes included a roll call vote showing unanimous support for the closed session. Defendant then entered the closed session to discuss the written legal opinion with its attorney.

Plaintiffs filed a complaint alleging the discussions held during closed session violated the OMA's public-disclosure requirements and defendant impermissibly invited an attorney to its

---

[1] MCL 15.262(a).

closed session. Plaintiffs further argued defendant failed to satisfy the OMA's procedural requirements. Defendant moved for summary disposition, contending that under MCR 2.116(C)(10), there was no genuine dispute of material fact demonstrating defendant failed to comply with the OMA.[2] Defendant noted that the material discussed at the closed session was a written legal opinion, which is exempt from public disclosure because it is subject to attorney-client privilege. The trial court granted defendant's motion, and this appeal followed.

## II. PRESERVATION AND STANDARD OF REVIEW

An issue is preserved if it is raised in the trial court. *Peterman v State Dep't of Natural Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994). For the most part, plaintiffs' arguments are preserved for our review because they were presented in the trial court. However, on appeal plaintiffs offer the new argument that defendant failed to offer any proof the material considered during the closed session was a privileged document. Because this argument was not presented to the trial court, the issue is unpreserved. *Id*.

A trial court's decision to grant or deny summary disposition is reviewed de novo. *Henry Ford Health Sys v Everest Nat'l Ins Co*, 326 Mich App 398, 402; 927 NW2d 717 (2018). However, plaintiffs' unpreserved argument is reviewed for plain error affecting substantial rights. *Henderson v Dep't of Treasury*, 307 Mich App 1, 9; 858 NW2d 733 (2014). To demonstrate a plain error, a party must show: "(1) that an error occurred, (2) that the error was plain, and (3) that the plain error affected [the party's] substantial rights. The third factor requires [the party] to show [they were] prejudiced by the error such that it affected the outcome of the proceedings . . . ." *Id*. (quotation marks and citations omitted).

"Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Henry Ford Health Sys*, 326 Mich App at 402 (quotation marks and citation omitted). This Court reviews the interpretation of statutes and court rules de novo. *Wilcoxon v Wayne Co Neighborhood Legal Servs*, 252 Mich App 549, 553; 652 NW2d 851 (2002). "When interpreting a court rule, we apply the same rules as when we engage in statutory interpretation." *Id*.

> When interpreting statutes, the primary goal of the judiciary is to ascertain and give effect to the intent of the Legislature. When the Legislature has unambiguously conveyed its intent within a statute, judicial interpretation is neither necessary nor permitted. However, if the intent of the Legislature is not clear, courts must interpret statutes in a way that gives effect to every word, phrase, and clause in a statute and avoid an interpretation that would render any part of the statute surplusage or nugatory. If a word is not defined in a statute, that word should be interpreted according to its plain and ordinary meaning, and in those situations, [this Court] may consult dictionary definitions. Judicial interpretation of statutes should construe an act as a whole to harmonize its provisions and carry out the

---

[2] Although not raised in this appeal, defendant also moved for summary disposition under MCR 2.116(C)(7), arguing the complaint was barred by res judicata or collateral estoppel, but the trial court rejected this argument.

purpose of the Legislature.  [*Haynes v Village of Beulah*, 308 Mich App 465, 468; 865 NW2d 923 (2014) (quotation marks and citations omitted).]

### III.  EXCEPTIONS TO PUBLIC DISCLOSURE

Plaintiffs argue that the open meetings exception set forth in MCL 15.268(h) is inapplicable to this case because defendant invited an attorney to the closed session.  Plaintiffs also contend defendant's use of MCL 15.268(h) was a ruse used to discuss matters it did not want publicly disclosed.  Plaintiffs' arguments lack merit.

"The purpose of the OMA is to promote governmental accountability by facilitating public access to official decision making and to provide a means through which the general public may better understand issues and decisions of public concern."  *Vermilya v Delta College Bd of Trustees*, 325 Mich App 416, 419; 925 NW2d 897 (2018) (quotation marks and citation omitted).  "Under the OMA, public bodies must conduct their meetings, make all of their decisions, and conduct their deliberations (when a quorum is present) at meetings open to the public."  *Speicher v Columbia Twp Bd of Trustees*, 497 Mich 125, 134-135; 860 NW2d 51 (2014).  "All persons must be permitted to attend any meeting except as otherwise provided in this act."  MCL 15.263(1).  Absent an exception, a public body must ensure "[a]ll deliberations . . . constituting a quorum of its members . . . take[s] place at a meeting open to the public . . . ."  MCL 15.263(3).  "To further the OMA's legislative purposes, the Court of Appeals has historically interpreted the statute broadly, while strictly construing its exemptions and imposing on public bodies the burden of proving that an exemption exists."  *Booth Newspapers, Inc v Univ of Mich Bd of Regents*, 444 Mich 211, 223; 507 NW2d 422 (1993).

However, a public body may go into a closed session for certain limited purposes.  MCL 15.268.  Relevant to this appeal, these purposes include:

> (e) To consult with its attorney regarding trial or settlement strategy in connection with specific pending litigation, but only if an open meeting would have a detrimental financial effect on the litigating or settlement position of the public body.

* * *

> (h) To consider material exempt from discussion or disclosure by state or federal statute.  [MCL 15.268(e) and (h).]

In this case, defendant's minutes reflect that it initiated a closed session under MCL 15.268(h) to consider "a [w]ritten [l]egal [o]pinion."  Under Michigan's Freedom of Information Act (FOIA), a public body may exempt from disclosure "[i]nformation or records subject to the attorney-client privilege."  MCL 15.243(1)(g).  And an attorney's written legal opinion is subject to the attorney-client privilege.  *People v Whitney*, 228 Mich App 230, 246; 578 NW2d 329 (1998), citing *Booth Newspapers, Inc v Wyoming City Council*, 168 Mich App 459, 468; 425 NW2d 695 (1988).  Thus, defendant's decision to initiate a closed session to discuss a written legal opinion falls within MCL 15.268(h) because material and discussions subject to the attorney-client privilege are statutorily exempt from public disclosure under the FOIA.

## A. INVITATION TO ATTORNEY

Plaintiffs nevertheless argue that an attorney's attendance at a closed session renders MCL 15.268(h) inapplicable and, therefore, defendant's stated authority for initiating a closed session was flawed. But plaintiffs overlook similar situations where an attorney has participated in a closed session under MCL 15.268(h).

For example, in *Whitney*, 228 Mich App at 246-247, this Court analyzed whether a city council's closed session violated the OMA. While the council voted to enter closed session under MCL 15.268(h) to consider letters written by its attorney, its discussions during the closed session went beyond the content of the letters. *Id*. at 247. This Court stated that a public body may not "evade the open meeting requirements of the OMA merely by involving a written opinion from an attorney in the substantive discussion of a matter of public policy for which no other exemption in the OMA would allow a closed meeting." *Id*. at 246-247. Importantly, the Court noted that MCL 15.268(h) does permit the public body to consult with an attorney during a closed session, so long as the discussion is "limited to the meaning of any strictly legal advice presented in the written opinion." *Whitney*, 228 Mich App at 247.

In *Wyoming City Council*, 168 Mich App at 470-471, this Court considered whether a city council violated the OMA when it held several closed sessions to consider an attorney's written legal opinion under MCL 15.268(h). Like *Whitney*, the attorney attended each of the closed sessions at issue. *Wyoming City Council*, 168 Mich App at 463-465. This Court determined the city council violated the OMA to the extent its discussions during the closed sessions exceeded the scope of the written opinion, stating:

> We conclude that the attorney-client privilege which may be asserted regarding the consideration and discussion of a written legal opinion under [MCL 15.268(h)] is no broader or narrower than this common law privilege. We, therefore, hold that [MCL 15.268(h)] of the OMA authorizes closed sessions to discuss matters which are exempt from disclosure or discussion by a statute (such as the FOIA), or which are reasonably related thereto. To effectuate the clear legislative intent in the OMA to promote openness and accountability, the scope of the discussion in closed session must legitimately relate to legal matters, and not bargaining, economics, or other tangential nonlegal matters. [*Id*. at 468.]

*Whitney* and *Wyoming City Council* cannot be read to impose restrictions on who a public body may invite to attend a closed meeting called pursuant to MCL 15.268(h). To the contrary, we conclude that a public body does not exceed the scope of MCL 15.268(h) when an attorney participates in a closed session to discuss legal advice. Instead, the OMA is violated when the considerations discussed during the closed session exceed the scope of the confidential legal advice.

In this case, there is no evidence the discussions during the June 9 closed session exceeded the scope of the written legal opinion. Likewise, there is no evidence that defendant sought to circumvent its public disclosure requirement by involving a written legal opinion. Plaintiffs only offer vague speculation about what could have happened during the closed session, but without

some evidence, this Court cannot conclude the trial court erred in granting defendant's motion for summary disposition on this basis.[3]

Plaintiffs make a number of other arguments contending that a public body violates the OMA when it invites an attorney to a closed session under MCL 15.268(h). Plaintiffs first make a plain language argument, contrasting the dictionary definitions of the verbs, "consult" and "consider,"[4] within the relevant statutory exceptions, MCL 15.268(e) and MCL 15.268(h), respectively. Plaintiffs do not explain why this "significant difference in meaning" for these verbs leads to the conclusion an attorney is not permitted to participate in the closed session under MCL 15.268(h). Thus, plaintiffs' plain language argument is abandoned. See *MOSES Inc v SEMCOG*, 270 Mich App 401, 417; 716 NW2d 278 (2006) ("If a party fails to adequately brief a position, or support a claim with authority, it is abandoned.").

Next, plaintiffs emphasize that the word "attorney" is used only in the OMA exception from MCL 15.268(e), and therefore an attorney is not permitted to participate in a closed meeting initiated under MCL 15.268(h). They argue that under the principle of statutory interpretation, *expressio unius est exclusio alterius*, the Legislature only intended subsection (e) to allow an attorney at a closed session. But plaintiffs misconstrue the application of *expressio unius*. *Expressio unius* is a principle of statutory interpretation meaning "the expression of one thing is the exclusion of another." *Mich Ambulatory Surgical Ctr v Farm Bureau Gen Ins Co of Mich*, 334 Mich App 622, 632; 965 NW2d 650 (2020). However, "[t]he maxim *expressio unius est exclusio alterius* . . . has force only when the items expressed are members of an associated group or series, justifying the inference that items not mentioned were excluded by deliberate choice, not inadvertence." *Id*. (quotation marks and citations omitted). The exclusions under MCL 15.268 are not "members of an associated group or series," but rather are a list of different circumstances allowing a public body to diverge from the OMA's public disclosure requirement. MCL 15.268(e) sets forth an exception for specific matters involving pending litigation. MCL 15.268(h), meanwhile, pertains more generally to other matters that are exempt from public disclosure. See, e.g., MCL 15.243. Thus, plaintiffs' statutory construction arguments are misplaced.

## B. PRETEXT

Plaintiffs also argue that summary disposition was inappropriate because defendant's application of MCL 15.268(h) was simply pretext used to improperly discuss matters it did not want disclosed to the public. We agree, of course, that a public body may not enter closed session to discuss matters it does not want publicly disclosed and that are not otherwise exempt from disclosure. See *Whitney*, 228 Mich at 247. However, in making this argument plaintiffs forget

---

[3] In so concluding, we decline defendant's invitation use the Michigan Attorney General's "OMA Handbook" as instructive authority on this matter. The Attorney General's Handbook is nothing more than one Department's effort to provide a quick reference guide to a wide-range of public bodies, not a judicial shortcut for nuanced legal issues. See also, *Vermilya*, 325 Mich App at 423.

[4] MCL 15.268(e) uses the verb "consult," which means, "to ask the advice or opinion of." *Merriam-Webster's Collegiate Dictionary* (11th ed). MCL 15.268(h) employs "consider," which is defined as "to think about carefully." *Merriam-Webster's Collegiate Dictionary* (11th ed).

their burden as the nonmoving party. Defendant argued it was entitled to summary disposition because it entered closed session to consider a written legal opinion. Plaintiffs were obliged to offer some documentary evidence to the contrary to negate defendant's assertion. See *Coblentz v Novi*, 475 Mich 558, 568-569; 719 NW2d 73 (2006). Plaintiffs offer no evidence that defendant's purpose in going to closed session was anything other than to consider the written legal opinion. Plaintiffs bare suspicions of a ruse, without more, fail to establish that a genuine issue of material fact exists.

## IV. PROCEDURAL REQUIREMENTS

Plaintiffs next argue that defendant failed to satisfy certain procedural requirements of the OMA that must occur before a closed session is initiated. Therefore, plaintiffs assert defendant was never authorized to enter a closed session under the OMA. We disagree.

The OMA's procedural requirements include MCL 15.267(1), which states:

A 2/3 roll call vote of members elected or appointed and serving is required to call a closed session, except for the closed sessions permitted under section 8(a), (b), (c), (g), (i), and (j). The roll call vote and the purpose or purposes for calling the closed session shall be entered into the minutes of the meeting at which the vote is taken.

And, MCL 15.269(1) provides in part:

Each public body shall keep minutes of each meeting showing the date, time, place, members present, members absent, any decisions made at a meeting open to the public, and the purpose or purposes for which a closed session is held. The minutes shall include all roll call votes taken at the meeting.

Each of these provisions was satisfied in this case. Regarding MCL 15.267(1), the June 9 meeting minutes show a roll call vote unanimously approving the closed session. And, the minutes state the purpose of the closed session was to consider a written legal opinion under MCL 15.268(h).

With respect to the requirements under MCL 15.269(1), the meeting minutes provided as an exhibit in the lower court record only included two of the 13 pages of minutes from the June 9 meeting. The minutes do not include statements showing "the date, time, place, members present, members absent, [or] any decisions made at a meeting open to the public." MCL 15.269(1). Regardless, plaintiffs do not dispute the absence of these items. Rather, plaintiffs' arguments rest on whether the minutes adequately reflect "the purpose or purposes for which a closed session is held" and the "roll call votes taken at the meeting." We conclude that the minutes satisfy these requirements because they state the purpose of the closed session was to consider a written legal opinion, and, as noted, they include a roll call vote to enter the closed session. There is nothing procedurally defective with defendant's processes before it entered the closed session during the June 9 meeting.

Nevertheless, plaintiffs present several arguments attempting to show that defendant failed to satisfy the OMA's procedural requirements to enter a closed session. Plaintiffs' first argument

correctly notes that as a public body, defendant has certain record-keeping obligations. MCL 15.267(1) and MCL 15.269(1). Plaintiffs contend that defendant violated its record-keeping requirements because the June 9 meeting minutes fail to indicate that defendant "invited" an attorney to the closed session. Plaintiffs' argument is misplaced. MCL 15.267(1) and 15.269(1) articulate defendant's record-keeping obligation in this circumstance and the June 9 meeting minutes demonstrate defendant satisfied these requirements. Moreover, plaintiffs provide no authority stating a public body must indicate its invitation to an attorney in its meeting minutes.

Next, plaintiffs take issue with defendant's purported failure to identify the "purpose" of the closed session. Under MCL 15.267(1) and MCL 15.269(1), a public body must state its "purpose" in calling a closed session. Practically speaking, this means the public body should "separate exempt and nonexempt material, describe where practicable the exempt material, make the nonexempt material available, and state on the record the purpose of the closed session before initiating the closed session." *Herald Co, Inc v Tax Tribunal*, 258 Mich App 78, 86; 669 NW2d 862 (2003), overruled on other grounds by *Speicher*, 497 Mich 125; see also *Vermilya*, 325 Mich App at 422.

Defendant stated its purpose in entering the closed session was to "consider material exempt from discussion or disclosure by state or federal statute—a written legal opinion." Plaintiffs argue this description was insufficient because it is a "mere recit[ation]" of the statutory language. They go on to argue that defendant should have followed the specific disclosures described in *Herald*, 258 Mich App at 82-83 and *Vermilya*, 325 Mich App at 422, but plaintiffs' arguments do not describe *how* defendant's stated purpose to enter the closed session did not conform with the above authorities. Indeed, the June 9 meeting minutes go beyond "mere recit[ation]" of the statutory language because they state the purpose of the closed session was to consider a "written legal opinion." MCL 15.268(h) requires no further disclosure of the purpose or nature of the meeting.

In addition to these alleged deficiencies, plaintiffs argue that defendant was obliged to identify and describe at the board meeting the general nature of the document defendant would discuss at the closed session. Plaintiffs contend that *Herald* stands for the proposition that "the document used to justify the closed session must be sufficiently identified to confirm that it is, in fact, privileged." But plaintiffs seek to extend *Herald* too far. *Herald* states that the public body need only "describe where practicable the exempt material . . . unless the description would defeat the purpose of the nondisclosure." *Herald*, 258 Mich App at 86-87. Put differently, there is no requirement the public body offer *proof* the document at issue is privileged, particularly when—as is the case here—the disclosure would likely defeat the confidential nature of the exempt material. Instead, all that MCL 15.268(h) requires is that the public body *describe* the document. Defendant satisfied this requirement by indicating the closed session involved a written legal opinion.

## V. MOTION FOR SUMMARY DISPOSITION

Plaintiffs next argue that the trial court erred in granting defendant's motion for summary disposition because defendant's motion did not state all the issues for which there was no genuine dispute of material fact. We disagree.

Defendant moved for summary disposition under MCR 2.116(C)(10). A motion under MCR. 2.116(C)(10) "must specify the grounds on which it is based . . . [e]xcept as to the amount of damages, there is no genuine issue as to any *material* fact, and the moving party is entitled to judgment or partial judgment as a matter of law." (Emphasis added). A material fact "does not need to be outcome determinative in order to be material, but it should be 'significant or essential to the issue or matter at hand.' " *McCormick v Carrier*, 487 Mich 180, 194; 795 NW2d 517 (2010), quoting *Black's Law Dictionary* (8th ed).

As discussed, a written legal opinion is considered exempt material under MCL 15.268(h). *Whitney*, 228 Mich App at 246. For purposes of defendant's motion for summary disposition, the only issue of material fact was whether defendant entered the closed session to consider exempt material. Defendant's motion for summary disposition complied with the pleading requirements under MCL 2.116(C)(10) because defendant's motion stated there is no question of material fact that the purpose of the closed session was to consider a written legal opinion, which is exempt from public disclosure under the FOIA. MCL 15.243(1)(g).

Plaintiffs take issue with two statements in the motion for summary disposition. The first states: "Defendant complied with the OMA when it met in closed session to discuss a written legal opinion under Section 8(h) of the OMA and invited legal counsel in which Defendant considered the written legal opinion." The second provides: "Defendant's meeting minutes comply with the OMA since they identify the basis under the OMA under which the Defendant's Board is authorized to enter closed session." According to plaintiffs, these statements are conclusions of law, not statements of undisputed facts. Therefore, defendant's motion for summary disposition was deficient because the referenced statements were conclusions of law, instead of statements of undisputed facts.

Neither of these statements bears any weight on the question of whether defendant specified that "there is no genuine issue as to any material fact" under MCR 2.116(C)(10). As noted, the only question of material fact was whether the purpose of the closed session was to consider exempt material. It appears that the purpose of the referenced statements was to demonstrate the grounds for defendant's motion for summary disposition and that defendant was "entitled to judgment . . . as a matter of law," the other pleading requirements under MCR 2.116(C)(10). Accordingly, there is nothing incorrect with these statements warranting this Court's reversal of the motion for summary disposition.

Affirmed.

/s/ Thomas C. Cameron
/s/ Noah P. Hood