# STATE OF MICHIGAN

# COURT OF APPEALS

HARLAN VERMILYA and ANN ANKLAM,

Plaintiffs-Appellees,

v

DELTA COLLEGE BOARD OF TRUSTEES,

Defendant-Appellant.

FOR PUBLICATION
July 31, 2018
9:00 a.m.

No. 341229
Saginaw Circuit Court
LC No. 16-028824-CZ

Before: RONAYNE KRAUSE, P.J., and GLEICHER and LETICA, JJ.

PER CURIAM.

In this action alleging multiple violations of the Open Meetings Act (OMA), MCL 15.261 *et seq.*, the trial court issued an opinion and order granting in part and denying in part defendant's motion for summary disposition pursuant to MCR 2.116(C)(8) (failure to state a claim) and (C)(10) (no genuine issue of material fact). Relevant to this appeal, the court also granted plaintiffs summary disposition in part under MCR 2.116(I)(2) (nonmoving party entitled to judgment), ruling that defendant's failure to identify the "specific pending litigation" it would be discussing in closed session violated MCL 15.267(1) and MCL 15.269(1). Defendant appeals by right. We affirm.

This case arises out of a January 12, 2016 meeting in which defendant passed a motion to enter closed session "for the purpose of discussing specific pending litigation with legal counsel," pursuant to MCL 15.268(e). Plaintiffs brought suit, alleging in part that defendant violated the OMA by failing to name the pending litigation it planned to discuss. Defendant moved the trial court for summary disposition, arguing that MCL 15.268(e) had no such requirement. Plaintiffs' position was that defendant's meeting minutes failed to show the "purpose" for holding a closed session meeting, as required by MCL 15.267(1) and MCL 16.269(1). The trial court agreed with plaintiffs.

We review de novo a trial court's decision to grant summary disposition. *Local Area Watch v Grand Rapids*, 262 Mich App 136, 142; 683 NW2d 745 (2004). We also review de novo questions of statutory interpretation. *Speicher v Columbia Twp Bd of Trustees*, 497 Mich 125, 133; 860 NW2d 51 (2014).

The foundational principles of statutory interpretation are well established:

> When interpreting a statute, we follow the established rules of statutory construction, the foremost of which is to discern and give effect to the intent of the Legislature. To do so, we begin by examining the most reliable evidence of that intent, the language of the statute itself. If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted. Effect should be given to every phrase, clause, and word in the statute and, whenever possible, no word should be treated as surplusage or rendered nugatory. Only when an ambiguity exists in the language of the statute is it proper for a court to go beyond the statutory text to ascertain legislative intent. [*Whitman v City of Burton*, 493 Mich 303, 311-312; 831 NW2d 223 (2013) (citations omitted).]

Additionally, statutory language "cannot be read in a vacuum" and instead "must be read in context with the entire act, and the words and phrases used there must be assigned such meanings as are in harmony with the whole of the statute . . . ." *GC Timmis & Co v Guardian Alarm Co*, 468 Mich 416, 421; 662 NW2d 710 (2003) (quotation marks and citation omitted; alteration in original).

It is now well established that "the purpose of the OMA is to promote governmental accountability by facilitating public access to official decision making and to provide a means through which the general public may better understand issues and decisions of public concern." *Kitchen v Ferndale City Council*, 253 Mich App 115, 125; 654 NW2d 918 (2002), overruled on other grounds by *Speicher*, 497 Mich 125, citing *Booth Newspapers, Inc v Univ of Mich Bd of Regents*, 444 Mich 211, 231; 507 NW2d 422 (1993). See also *Manning v East Tawas*, 234 Mich App 244, 250; 593 NW2d 649 (1999), overruled on other grounds by *Speicher*, 497 Mich 125. "To further the OMA's legislative purposes, the Court of Appeals has historically interpreted the statute broadly, while strictly construing its exemptions and imposing on public bodies the burden of proving that an exemption exists." *Booth Newspapers, Inc*, 444 Mich at 223.

"Under the OMA, public bodies must conduct their meetings, make all of their decisions, and conduct their deliberations (when a quorum is present) at meetings open to the public." *Speicher*, 497 Mich at 134-135, citing MCL 15.263. However, a public body may meet in a closed session[1] for certain enumerated purposes. MCL 15.268. Pertinent to this case, a public body may meet in a closed session "[t]o consult with its attorney regarding trial or settlement strategy in connection with specific pending litigation, but only if an open meeting would have a detrimental financial effect on the litigating or settlement position of the public body." MCL 15.268(e). This Court has concluded "that subsection 8(e) exists for the obvious purpose of allowing a public body to prepare for litigation without having to broadcast its trial or settlement strategy to the opposition along with the rest of the general public." *Manning*, 234 Mich App at 251.

---

[1] " 'Closed session' means a meeting or part of a meeting of a public body that is closed to the public." MCL 15.262(c).

Certain procedural requirements must be met for a public body to commence a closed session.

> A ⅔ roll call vote of members elected or appointed and serving is required to call a closed session, except for the closed sessions permitted under section 8(a), (b), (c), (g), (i), and (j). The roll call vote and the purpose or purposes for calling the closed session shall be entered into the minutes of the meeting at which the vote is taken. [MCL 15.267(1).]

Similarly, MCL 15.269 requires in part that "[e]ach public body shall keep minutes of each meeting showing . . . the purpose or purposes for which a closed session is held." MCL 15.269(1). Accordingly, a public body must "state on the record the purpose of the closed session before initiating the closed session." *Herald Co, Inc v Tax Tribunal*, 258 Mich App 78, 86; 669 NW2d 862 (2003), overruled on other grounds by *Speicher*, 497 Mich 125.

Defendant argues, and we agree, that MCL 15.268(e) does not in and of itself require the public body to name the pending litigation it will be discussing in closed session. But statutory language cannot be read in isolation and must be construed in a way that harmonizes the entire act. *GC Timmis*, 468 Mich at 421. Indeed, plaintiffs argued, and the trial court agreed, that defendant violated MCL 15.267(1) and MCL 15.269(1), not MCL 15.268(e), when it failed to identify the "specific pending litigation" it would be discussing. When examining MCL 15.267(1), MCL 15.268(e), and MCL 15.269(1) together, it is clear that the Legislature intended for public bodies to name the pending litigation before entering a closed session.

First, we note that defendant's argument that the OMA requires only that there *be* specific pending litigation would render the word "specific" redundant and mere surplusage—a result we must avoid whenever possible. See *Whitman*, 493 Mich at 311. When a public body meets to discuss pending litigation, it will necessarily discuss specific cases. Therefore, if the Legislature did not intend for the public body to disclose the particular case or cases it would be discussing, there would be no reason for the phrase "specific pending litigation" to contain the word "specific," as the word has no practical impact on the permissible substance of the public body's discussion in a closed session.

To avoid that interpretation, MCL 15.268(e) must be read in light of the statutory provisions providing that the public body must indicate the "purpose" for calling a closed session. MCL 15.267(1) and MCL 15.269(1). Those provisions contemplate that a public body will inform the public of the reason for entering a closed session, which would require the public body to point to the applicable closed session exemption in MCL 15.268. Under MCL 15.268(e), the public body may only meet to discuss "specific pending litigation." Reading the OMA broadly to further the purpose of government accountability, *Booth Newspapers, Inc*, 444 Mich at 223, we conclude that the Legislature intended for the public body to identify the specific litigation it would be discussing in justifying its decision to close its meeting to the public.

This Court reached a similar conclusion in discussing a different closed-session exemption. *Herald Co, Inc*, 258 Mich App 78. *Herald Co, Inc* concerned MCL 15.268(h), which allows a public body to meet in a closed session "[t]o consider material exempt from

discussion or disclosure by state or federal statute." *Id*. at 84. The corresponding state statute was the provision of the Freedom of Information Act (FOIA), MCL 15.231 *et seq*., that exempts from disclosure "[t]rade secrets or commercial or financial information" if certain requirements are met. *Id*. at 84-85, quoting MCL 15.243(1)(f). After reviewing the requirements of MCL 15.267(1) and MCL 15.269(1) concerning closed sessions, this Court determined that:

> the plain language of these statutes instruct that when faced with FOIA exempt material as applied to the OMA, [the public body] *must state on the record those documents it deems exempt* under the FOIA together with the associated FOIA exemption justifying the document's nondisclosure, describe those documents unless description would defeat the purpose of the nondisclosure, and complete this process on the record in open session *before conducting the closed hearing*. [*Herald Co, Inc*, 258 Mich App at 86-87 (emphasis added).]

In other words, this Court determined that the public body had to identify the exempt material and applicable statute before entering a closed session, even though such a requirement is not found in the applicable exemption provision alone. This Court impliedly determined that merely reciting the statutory language of the pertinent exemption was insufficient. There is a stronger case for reaching that conclusion with respect to MCL 15.268(e), given that the Legislature only exempted closed session discussion of "*specific* pending litigation." (Emphasis added).

The Attorney General's OMA Handbook further supports that conclusion. The Handbook suggests that every motion to enter a closed session should refer to an exempt purpose set forth in MCL 15.268 and provides the following example of an appropriate motion: "I move that the Board meet in closed session under section 8(e) of the Open Meetings Act, to consult with our attorney regarding trial or settlement strategy in connection with [*the name of the specific lawsuit*]." Office of the Attorney General, *Open Meetings Act Handbook*, p 11 <https://www.michigan.gov/documents/ag/OMA_handbook_287134_7.pdf> (accessed July 27, 2018) (emphasis added; brackets in original). We acknowledge that the Handbook is not binding authority. Still, as the trial court reasoned, it is telling that the Attorney General naturally read the OMA as requiring the public body to name the specific lawsuit it would be discussing in a closed session.

To the extent the OMA is ambiguous on this issue, "[t]he resolution of an ambiguity or vagueness that achieves a statute's purpose should be favored over the resolution that frustrates its purpose." *City of Fraser v Almeda Univ*, 314 Mich App 79, 95; 886 NW2d 730 (2016) (quotation marks and citation omitted). Allowing a public body to call for a closed session by merely reciting MCL 15.268(e)'s language does not further the purpose of government accountability because the public is given no indication of the "issues and decisions of public concern" that will be addressed in the closed session. See *Kitchen*, 253 Mich App at 125. While a case name may not provide much information, in and of itself, it alerts the public to the existence of litigation and allows for further inquiry. For those reasons, defendant violated MCL 15.267(1) and 15.269(1) by not articulating the purpose for calling a closed session in

accordance with MCL 15.268(e).[2] The trial court correctly granted plaintiffs summary disposition under MCR 2.116(I)(2) on this issue.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Elizabeth L. Gleicher
/s/ Anica Letica

---

[2] Given our resolution of this issue, we decline to examine the caselaw from sister states identified by the parties addressing similar, but distinct, statutory exceptions to holding open meetings.