*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES TOWNSHIP,

        Plaintiff-Appellee,

v

DANIEL RICE,

        Defendant-Appellant.

UNPUBLISHED
May 27, 2021

No. 349558
Saginaw Circuit Court
LC No. 18-038253-AV

Before: JANSEN, P.J., and RONAYNE KRAUSE and GADOLA, JJ.

PER CURIAM.

Defendant, Daniel Rice, appeals as on leave granted[1] the circuit court's opinion and order affirming the district court's denial of his request for attorney fees and costs. For the reasons set forth below, we affirm the Circuit Court's legal conclusions, but remand to the district court for it to articulate the reasons for its discretionary decision to decline to award costs and fees.

## I. FACTS

In this nuisance action, plaintiff, James Township, issued a municipal civil infraction citation against defendant for alleged violations of its blight ordinance and the Michigan Residential Code. The matter was heard by the district court, where defendant successfully asserted an affirmative defense under the Michigan Right to Farm Act (RTFA), MCL 286.471 *et seq.*, to part of the citation. However, the district court denied both parties' requests for costs and fees. Defendant sought reconsideration of the district court's decision denying his request for attorney fees. The district court denied that motion.

Defendant then appealed to the circuit court, arguing that the RTFA mandated the district court award him his actual costs, expenses, and attorney fees. The circuit court denied defendant's appeal and affirmed the district court's order denying fees and costs. The circuit court reasoned

---

[1] *James Twp v Rice*, 505 Mich 1038 (2020).

that a plain language analysis of the RTFA provides that the award of costs, expenses, and attorney fees was at the discretion of the district court and not defendant.

Defendant sought, and was denied, appellate review in this Court.[2] Subsequently, defendant requested leave to appeal to our Supreme Court. Under MCR 7.305(H)(1), in lieu of granting leave to appeal, the Supreme Court remanded this case to our Court for consideration as on leave granted.[3]

## II. ANALYSIS

Defendant argues that the RTFA guarantees an award of attorney fees and costs to a farmer who successfully defends a nuisance action. We disagree.

"This Court reviews de novo issues of statutory interpretation." *Ricks v Michigan*, 330 Mich App 277, 283; 948 NW2d 83 (2019). The goal of statutory interpretation is "to ascertain and give effect to the intent of the Legislature." *Id*. (Quotation marks and citation omitted). "The words used by the Legislature in writing a statute provide us with the most reliable evidence of the Legislature's intent." *Drew v Cass Co*, 299 Mich App 495, 499; 830 NW2d 832 (2013). For instance, the term "may" is considered permissive, while "shall" is interpreted as mandatory. *Manuel v Gill*, 481 Mich 637, 647; 753 NW2d 48 (2008). Unambiguous language is applied as written. *Ricks*, 330 Mich App at 283.

"The RTFA was enacted to protect farmers from nuisance lawsuits. To this end, the statute exempts farms or farm operations from the enforcement of nuisance laws provided, among other things, the farm or farm operation adheres to the applicable [generally accepted agricultural and management practices (GAAMPs)]." *Williamstown Twp v Hudson*, 311 Mich App 276, 280, 290; 874 NW2d 419 (2015), citing MCL 286.473(1) (quotation marks and citation omitted). Relatedly, MCL 286.473b provides:

> In any nuisance action brought in which a farm or farm operation is alleged to be a nuisance, if the defendant farm or farm operation prevails, the farm or farm operation *may recover* from the plaintiff the actual amount of costs and expenses determined by the court to have been reasonably incurred by the farm or farm operation in connection with the defense of the action, together with reasonable and actual attorney fees. [Emphasis added.]

Defendant argues, without citing binding precedent, that the plain language of the RTFA grants a farmer or farm operation discretion to decide whether to seek attorney fees and costs, and the court has discretion only in determining what amount of fees and costs are reasonable.

---

[2] *James Twp v Rice*, unpublished order of the Court of Appeals, entered November 5, 2019 (Docket No. 349558).

[3] *James Twp*, 505 Mich at 1038.

However, persuasive authority exists that directly contradicts defendant's position.[4]  For example, in *Clay Twp v Templeton*, unpublished per curiam opinion of the Court of Appeals, issued November 13, 2007 (Docket No. 271082), p 1, this Court stated that "a farm or farm operation that prevails is not automatically entitled to attorney fees and costs.  Rather, it is within the trial court's discretion whether to award such fees and costs."  Furthermore, "[b]ecause MCL 286.473b uses the term 'may,' an award of costs, expenses, and attorney fees is left to the trial court's discretion." *Richmond Twp v Rondigo, LLC*, unpublished per curiam opinion of the Court of Appeals, issued April 20, 2010 (Docket Nos. 288625 and 290054), p 8.

Here, defendant's position asks this Court to ignore the plain language of MCL 286.473b and, important, the intent of our Legislature.  When this Court interprets a statute, "[e]ffect should be given to every phrase, clause, and word in the statute and, whenever possible, no word should be treated as surplusage or rendered nugatory." *Vermilya v Delta College Bd of Trustees*, 325 Mich App 416, 419; 925 NW2d 897 (2018) (quotation marks and citation omitted).  As the circuit court accurately stated in its opinion and order, the term "may," as used in MCL 286.473b, afforded the district court discretion whether to award defendant attorney fees and costs.

Moreover, contrary to defendant's assertion, relief to a prevailing farm or farm operation is not mandatory.  The term "shall" is not used in MCL 286.473b, and the lack of binding or persuasive authority supporting defendant's argument that relief is required under this provision further suggests that his position lacks merit.  Furthermore, defendant prevailed in the district court only in part, and it is commonplace for trial courts, and this court, to decline to assess costs and fees when neither party has prevailed in full.  Accordingly, we decline to adopt defendant's interpretation of MCL 286.473b.

Nonetheless, the district court denied each party's request for costs and fees, but did not explain its reasoning for doing so on the record or in its September 26, 2018 opinion and order.[5]  Because of this, our Court is not in a position to properly review the district court's reasons for denying defendant's request.  See *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008) (stating that an award of attorney fees and costs is reviewed for an abuse of discretion).  Therefore, this matter is remanded to the district court for the limited purpose of explaining on the record its reasoning for denying defendant's request for costs and fees.

Affirmed, but remanded to the district court for further proceedings.  We retain jurisdiction.

/s/ Kathleen Jansen
/s/ Amy Ronayne Krause
/s/ Michael F. Gadola

---

[4] Unpublished opinions of this Court are not binding, but may be considered for their persuasive value. *Cox v Hartman*, 322 Mich App 292, 307; 911 NW2d 219 (2017).

[5] In the opinion and order dated September 26, 2018, the district court stated that "the court acknowledges that both parties requested sanctions including costs and fees to be imposed in this matter.  The court is denying sanctions as to both parties."

# Court of Appeals, State of Michigan

## ORDER

James Township v Daniel Rice

Docket No. 349558

LC No. 18-038253-AV

Kathleen Jansen
Presiding Judge

Amy Ronayne Krause

Michael F. Gadola
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall commence within 42 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, this matter is remanded to the district court for the limited purpose of explaining on the record its reasoning for denying defendant's request for costs and fees. The proceedings on remand are limited to this issue.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

_____
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

May 27, 2021
Date

_____
Chief Clerk