*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ALVENA LLOYD,

      Plaintiff-Appellant,

v

MILLBROOK APARTMENTS, LLC,

      Defendant,

and

MILLBROOK APTS 2, LLC, MILLBROOK APTS
3, LLC, MILLBROOK APTS 4, LLC,
MILLBROOK APTS 7, LLC, and MILLBROOK
APTS, LLC,

      Defendants-Appellees.

UNPUBLISHED
February 1, 2022

No. 356055
Kent Circuit Court
LC No. 2019-010243-NO

Before: GADOLA, P.J., and SWARTZLE and CAMERON, JJ.

PER CURIAM.

      Plaintiff, Alvena Lloyd, appeals as of right the order of the trial court granting defendants, the Millbrook Apartments, LLCs, summary disposition under MCR 2.116(C)(10). We affirm.

## I. FACTS

      In January 2019, plaintiff was a tenant living at Millbrook Apartments in Grand Rapids. While walking to her car on the morning of January 15, 2019, plaintiff slipped and fell on the sidewalk of the apartment complex, allegedly injuring her back. Plaintiff testified that she did not see any snow or ice on the sidewalk, but she saw snow on the grass and felt ice on the sidewalk after she fell. The apartment's maintenance worker testified that on the morning of plaintiff's fall, he shoveled and salted the sidewalks and that they were not icy. The apartment's property manager, who responded to the scene of plaintiff's fall, also stated that she had no difficulty walking down the sidewalks that morning and that the sidewalks had been salted. The property

-1-

manager took two photographs of the scene; one showed plaintiff lying on the ground, and one showed salt on the sidewalk near the location of the fall.

Plaintiff initiated this lawsuit against defendants seeking damages for her injury and related losses under MCL 554.139 and also under a theory of common law premises liability. Defendants moved for summary disposition under MCR 2.116(C)(10), asserting that there was no genuine issue as to any material fact and that they were entitled to judgment as a matter of law. The trial court granted defendants' motion, finding that there was no evidence that the sidewalk was not fit for its intended purpose as required by the statute and that the alleged black ice was an open and obvious condition, thus precluding common-law premises liability. Plaintiff now appeals.

## II. ANALYSIS

Plaintiff contends that the trial court erred by holding that defendants are not subject to liability under MCL 554.139 nor under a theory of premises liability. We disagree.

## A. STANDARD OF REVIEW

We review de novo a trial court's decision to grant or deny a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim, and is warranted when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Id*. at 160. When reviewing a motion for summary disposition under MCR 2.116(C)(10), we consider the documentary evidence submitted by the parties in the light most favorable to the nonmoving party. *Id*. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might disagree. *Johnson v Vanderkooi*, 502 Mich 751, 761; 918 NW2d 785 (2018). We also review de novo questions of statutory interpretation, *Vermilya v Delta College Bd of Trustees*, 325 Mich App 416, 418; 925 NW2d 897 (2018), and the trial court's determination whether a duty exists. *Hill v Sears, Roebuck & Co*, 492 Mich 651, 659; 822 NW2d 190 (2012).

## B. MCL 554.139

Plaintiff contends that defendants violated MCL 554.139(1)(a) because the sidewalk was not fit for its intended use and violated MCL 554.139(1)(b) because the sidewalk was not in reasonable repair. We disagree.

MCL 554.139(1) imposes a duty upon a lessor or a licensor of residential premises. "The statutory protection under MCL 554.139(1) arises from the existence of a residential lease and consequently becomes a statutorily mandated term of such lease." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). MCL 554.139 provides, in relevant part:

> (1) In every lease or license of residential premises, the lessor or licensor covenants:
>
> (a) That the premises and all common areas are fit for the use intended by the parties.

(b) To keep the premises in reasonable repair during the term of the lease or license, and to comply with the applicable health and safety laws of the state and of the local unit of government where the premises are located, except when the disrepair or violation of the applicable health or safety laws has been caused by the tenants wilful or irresponsible conduct or lack of conduct.

When determining whether liability exists under MCL 554.139(1)(a), we first ascertain whether the area in question is a common area, and if so, the intended use of the common area. *Estate of Trueblood v P&G Apartments, LLC*, 327 Mich App 275, 289; 933 NW2d 732 (2019). We then determine if there exists "reasonable differences of opinion regarding whether the conditions made the common area unfit for its intended use." *Id*. (Quotation marks omitted). Under MCL 554.139(1)(a), "common areas" are areas of a property shared by two or more tenants over which a lessor retains control. *Allison*, 481 Mich at 427. Sidewalks within an apartment complex are common areas and a landlord therefore has a duty under MCL 554.139(1)(a) to keep the sidewalks fit for their intended use. *Benton v Dart Props*, 270 Mich App 437, 442-444; 715 NW2d 335 (2006). The intended use of the sidewalk in this case, simply put, was to walk on it. See *Estate of Trueblood*, 327 Mich App at 290. The remaining question, then, is whether the alleged presence of black ice on the sidewalk where plaintiff fell rendered the sidewalk unfit for its intended use of being walked upon. See *id*.

In *Allison*, our Supreme Court scrutinized MCL 554.139(1)(a) in a case involving the accumulation of snow and ice in an apartment parking lot. After concluding that the parking lot was a common area, *id*. at 428, the Court explained that ice does not render a common area unfit for its intended use if the ice creates a "mere inconvenience of access." *Id*. at 430. Our Supreme Court reasoned:

While a lessor may have some duty under MCL 554.139(1)(a) with regard to the accumulation of snow and ice in a parking lot, it would be triggered only under much more exigent circumstances than those obtaining in this case. The statute does not require a lessor to maintain a lot in an ideal condition or in the most accessible condition possible, but merely requires the lessor to maintain it in a condition that renders it fit for use as a parking lot. Mere inconvenience of access, or the need to remove snow and ice from parked cars, will not defeat the characterization of a lot as being fit for its intended purposes. [*Id*. at 430.]

Thus, an accumulation of ice or snow must be more than a "mere inconvenience" before it renders the sidewalk unfit for its intended use. *Estate of Trueblood*, 327 Mich App at 290. This Court has held that a sidewalk completely covered with ice represents more than a mere inconvenience because anyone walking on the sidewalk would be forced to walk on ice. *Id*. at 290-291. A landlord has no duty to maintain a sidewalk in an "ideal condition," however. See *Allison*, 481 Mich at 430.

In this case, plaintiff argues that on the day she fell, defendants did not keep the sidewalk fit for its intended purpose because they failed to salt it, resulting in plaintiff falling on black ice. The record supports the trial court's finding that the sidewalk was a common area under MCL 554.139(1)(a), and that the intended use of the sidewalk was to walk on it to access other areas. Defendants therefore had a duty to ensure that the sidewalk was fit for that intended purpose. See

*Estate of Trueblood*, 327 Mich App at 290. Here, the evidence did not establish a genuine issue of material fact regarding whether the sidewalk was fit for its intended purpose. The record indicates that the sidewalk was not completely covered with ice, and in fact the photographs show little or no accumulation of ice or snow in the area where plaintiff fell. See *Estate of Trueblood*, 327 Mich App at 290. Plaintiff testified that she was able to walk from the apartment exit down one sidewalk before turning down another sidewalk and that she never saw any ice or snow on the sidewalk before she fell. Defendants presented evidence that the sidewalk had been salted the morning that plaintiff fell and a photograph shows salt on the sidewalk near the area of the fall. Viewing the evidence in the light most favorable to plaintiff, the evidence indicates that the patch of black ice upon which she slipped created only an inconvenience of access to the sidewalk but did not render the sidewalk unfit for its intended purpose. See *Allison*, 481 Mich at 428. Accordingly, the trial court did not err by granting defendants' motion for summary disposition of plaintiff's claim that defendants violated MCL 554.139(1)(a).

Plaintiff also argues that defendants violated MCL 554.139(1)(b) by failing to keep the sidewalk in reasonable repair. Again, we disagree. MCL 554.139(1)(b) imposes a duty upon the lessor or licensor to keep the premises in reasonable repair. The term premises as used in that statutory section does not include common areas, *Allison*, 481 Mich at 432, and does not apply to keeping property free from snow and ice accumulation. *Id.* at 432 n 6. Therefore, the duty to repair "premises" under MCL 554.139(1)(b) does not apply to the sidewalk in this case. Accordingly, the trial court did not err by granting defendants summary disposition of plaintiff's claim that defendants violated MCL 554.139(1)(b).

## C. PREMISES LIABILITY

Plaintiff also contends that the trial court erred by holding that the open and obvious doctrine barred her premises liability claim against defendants. We disagree.

Michigan law distinguishes between a claim of ordinary negligence and a claim premised on a condition of the land. *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012). When, as in this case, a plaintiff alleges injuries arising from a dangerous condition on the land, i.e., black ice on a sidewalk, the claim is one of premises liability rather than ordinary negligence. See *id*. at 692. In a premises liability action, as in any negligence action, the plaintiff must establish the elements of negligence, *Goodwin v Northwest Michigan Fair Ass'n*, 325 Mich App 129, 157; 923 NW2d 894 (2018), but liability arises from the defendant's duty as an owner, possessor, or occupier of land. *Buhalis*, 296 Mich App at 692. To establish a prima facie case of negligence, a plaintiff must demonstrate that (1) the defendant owed a duty to the plaintiff, (2) the defendant breached that duty, (3) the plaintiff suffered damages, and (4) the defendant's breach caused the damages. *Composto v Albrecht*, 328 Mich App 496, 499; 938 NW2d 755 (2019).

The duty a possessor of land owes to a person who enters upon the land depends upon whether the visitor is classified as an invitee, a licensee, or a trespasser. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596-597; 614 NW2d 88 (2000). Here, the parties do not dispute that plaintiff was an invitee. The possessor of land owes an invitee the duty to use reasonable care to protect the invitee from an unreasonable risk of harm posed by a dangerous condition on the premises. *Estate of Livings v Sage's Investment Group, LLC*, ___ Mich ___, ___; ___ NW2d ___

(2021) (Docket No. 159692); slip op at 5. The possessor of the premises breaches that duty of care when he or she knows or should know of a dangerous condition on the premises of which the invitee is unaware, and fails to fix, guard against, or warn the invitee of the defect. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 8; 890 NW2d 344 (2016).

A premises possessor is not an absolute insurer of the safety of an invitee, however; the premises possessor's duty does not extend to open and obvious dangers. *Estate of Livings*, ___ Mich at ___; slip op at 5; *Jeffrey-Moise v Williamsburg Towne Houses Cooperative, Inc*, ___ Mich App ___, ___; ___ NW2d ___ (2021); slip op at 6. The open and obvious doctrine is based on the strong public policy that people should take reasonable care for their own safety. *Id*., citing *Buhalis*, 296 Mich App at 693-694. A premises possessor is thus not obligated to take extraordinary measures to keep people safe from reasonably anticipated risks, and does not owe a duty to protect from, or warn of, dangers that are open and obvious because "such dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid." *Hoffner v Lanctoe*, 492 Mich 450, 461; 821 NW2d 88 (2012).

Whether a dangerous condition is open and obvious "depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Id*. The court does not consider whether a particular plaintiff should have realized that the condition was dangerous, but rather whether an average person in that position would have foreseen the danger. *Kennedy v Great Atlantic & Pacific Tea Co*, 274 Mich App 710, 713; 737 NW2d 179 (2007). Although a question of fact may arise regarding the openness and obviousness of a condition, see *Estate of Livings*, ___ Mich at ___; slip op at 5, the open and obvious doctrine is not an exception to the duty owed by the premises possessor, but instead is an integral part of that duty; thus, the application of the open and obvious doctrine is part of the question of duty that is a question of law for the court to decide. *Hoffner*, 492 Mich at 476. With respect to ice, the court considers "whether the ice was visible on casual inspection or whether there were other indicia of a potentially hazardous condition that would impute knowledge." *Buhalis*, 296 Mich App at 694.

A narrow exception to the open and obvious doctrine exists when a "special aspect" of the open and obvious condition makes the risk unreasonable, thereby obligating the premises possessor to take reasonable steps to protect invitees from unreasonable risk of harm. *Hoffner*, 492 Mich at 461. A special aspect of an open and obvious condition is found if the danger is effectively unavoidable, or if it is unreasonably dangerous. *Estate of Livings*, ___ Mich at ___; slip op at 5. A condition that is common or avoidable is not considered uniquely dangerous. *Hoffner*, 492 Mich at 463. Absent a special aspect, the duty of a premises owner or possessor does not extend to open and obvious dangers. *Estate of Trueblood*, 327 Mich App at 285.

In this case, plaintiff alleges that she slipped and fell on black ice that was not visible to her upon casual inspection. There were, however, significant indicia that imputed knowledge such that it is reasonable to expect that an average person in plaintiff's position would have foreseen the danger, including plaintiff's observation of snow on the grass, plaintiff's substantial familiarity over 45 years with Michigan winters and black ice, plaintiff's testimony that she walked carefully down the sidewalk that morning as a result of the icy conditions, and the apparent presence of salt in the area near where plaintiff fell. Together, this evidence shows that an average person of ordinary intelligence in plaintiff's situation would have been alerted to the possibility of black ice

and would have discovered it upon casual inspection. Because there is no genuine issue of material fact regarding whether the black ice was open or obvious, the trial court did not err by granting defendants summary disposition of plaintiff's premises liability claim.

Affirmed.

/s/ Michael F. Gadola
/s/ Brock A. Swartzle
/s/ Thomas C. Cameron