*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* Conservatorship of BARBARA A. GREER.

---

ONDALEE LUCAS,

      Appellant,

v

ROSLUND PRESTAGE & COMPANY,
Conservator of BARBARA A. GREER, a legally
protected person,

      Appellee.

UNPUBLISHED
January 19, 2023

No. 359531
Gratiot Probate Court
LC No. 19-000263-CA

---

Before: GLEICHER, C.J., and K. F. KELLY and LETICA, JJ.

PER CURIAM.

Appellant, Ondalee Lucas (Lucas), appeals by right the probate court's order granting summary disposition in favor of Roslund Prestage & Company (RPC) under MCR 2.116(C)(8) (failure to state a claim upon which relief can be granted) and denying her motion for summary disposition under MCR 2.116(I)(2). We affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

At the center of this case is a dispute concerning the home that belonged to Dale and Barbara Greer, a married couple, who are both now deceased. Lucas met the Greers when she was a child, and they eventually became akin to parents to her. The Greers did not have children of their own, and, as they aged, they began to rely on Lucas to assist them with cleaning and other household responsibilities. Eventually, Barbara developed dementia while Dale developed various physical ailments. In the fall of 2018, the couple moved into a rehabilitation home known as Masonic Pathways. Thereafter, the couple became concerned with the costs of the facility and missed living in their home. Allegedly, however, the facility would not release the couple unless they had 24-hour care. Lucas claimed that she reached an agreement with the Greers; she would

move into their home and provide them with around-the-clock care. In return, the Greers would deed their home in Alma, Michigan to Lucas.

With the assistance of an attorney, Dale executed a Lady Bird deed on behalf of himself and Barbara that provided for the transfer of the home to Lucas *upon their deaths*. The deed was signed on February 20, 2019, and filed with the register of deeds on March 22, 2019. In this deed, the couple conveyed the property to themselves for their lifetime. It further stated that, "If D. Dale Greer and Barbara Greer have not previously conveyed the property prior to their death or the survivor of them has not previously conveyed the property prior to the survivor's death," then it was conveyed to Lucas. Although Lucas alleged that the property was conveyed in exchange for 24/7 caregiving services, the deed expressly provided that the consideration was "$0.00." The deed also stated that the instrument and transfer were exempt from taxation because the value of the consideration for the property was less than $100.00. Dale signed the deed on behalf of himself and as the attorney-in-fact for Barbara.

In April 2019, the Greers were released to Lucas, and she allegedly began providing them with around-the-clock care. Shortly after the return home, Barbara's mental condition deteriorated, and she allegedly made threats of physical harm. Barbara was returned to Masonic Pathways. On June 18, 2019, a social worker from Masonic Pathways filed a petition for mental health treatment for Barbara with the probate court. This petition alleged that Barbara was aggressive with the staff, believed that she was being poisoned, spit out the medication given to her, and wished for her death. On July 2, 2019, Dale died unexpectedly in part from a urinary tract infection that led to sepsis.

Acting as counsel for Barbara, attorney Sarah Ostahowski filed a petition to appoint a conservator and a guardian for her. Before the hearing on the petition, the probate court appointed a guardian ad litem (GAL) and received a report[1] from her. At the hearing held on December 9, 2019, a social worker from Masonic Pathways testified that Barbara's cognition fluctuated because of her dementia. Barbara was unable to make healthcare and financial decisions previously handled by Dale. The social worker knew that the couple owned a home. She was unaware if Barbara's care was being paid for following Dale's death and whether Barbara received visitors. Ostahowski requested that RPC be appointed as conservator. The probate court found clear and convincing evidence that Barbara was impaired and lacked sufficient capacity to make informed decisions and was an incapacitated individual. In rendering its determination, the court relied on the reports from Barbara's treating physician and the court-appointed GAL as well as the social worker's testimony. Chad Payton of RPC was present at the hearing and accepted the court's appointment as conservator on behalf of RPC. The probate court advised that it typically required an inventory of assets within 56 days. On December 17, 2019, Payton of RPC executed a new Lady Bird deed that would pass the house to the Greers' trust instead of Lucas. On December 16, 2020, Barbara died.

---

[1] The GAL report indicated that Barbara had two sisters. Both sisters were older than Barbara, lived out of state, and were not in a position to care for Barbara. The sisters agreed that Barbara needed a conservator and a guardian.

In March 2021, Lucas filed a petition to set aside the second Lady Bird deed, to surcharge RPC as the conservator, and to add the trust as a party. RPC moved for summary disposition under MCR 2.116(C)(8), alleging that the first Lady Bird deed only gave the grantor a life tenancy and did not restrict the grantor's ability to sell or mortgage the property. Therefore, RPC was entitled to divest the remainderman beneficiary before the death of the grantor. RPC alleged that any interest by Lucas was divested prior to Barbara's death, and therefore, Lucas did not have an interest or standing in the action, warranting summary disposition.

Lucas opposed the dispositive motion and moved for summary disposition in her favor under MCR 2.116(I)(2). Specifically, Lucas asserted that she met the criteria for standing at common-law and under Michigan statutes. She alleged that RPC engaged in a wrongful transfer because it did not seek court approval before transferring the interest in the property to the Greer trust. Lucas also claimed that RPC breached its fiduciary duties, engaged in prohibited conduct by making a will for Barbara in the form of the Lady Bird deed, and made a transfer contrary to Barbara's estate plan. In support of summary disposition, Lucas submitted various letters from individuals addressing the Greers' intent to give their home to Lucas in exchange for caretaking services.

The trial court granted summary disposition in favor of RPC and denied summary disposition to Lucas under MCR 2.116(I)(2). The trial court concluded that the first Lady Bird deed did not convey any interest to Lucas until the death of both grantors, and RPC, as the conservator, did not violate any statutory duties but was entitled to execute a Lady Bird deed in fulfilling its fiduciary obligations to the protected individual, Barbara. This appeal followed.

## II. STANDARDS OF REVIEW

A trial court's ruling on a motion for summary disposition is reviewed de novo. *Houston v Mint Group, LLC*, 335 Mich App 545, 557; 968 NW2d 9 (2021). Summary disposition is appropriate when the opposing party failed to state a claim on which relief can be granted, MCR 2.116(C)(8). *In re Lett Estate*, 314 Mich App 587, 595; 887 NW2d 807 (2016). Under MCR 2.116(C)(8), the legal sufficiency of the claim is examined by the pleadings alone with the factual allegations accepted as true and viewed in a light most favorable to the nonmoving party. *Id*.

Summary disposition is appropriate pursuant to MCR 2.116(C)(10)[2] where there is "no genuine issue as to any material fact, and the moving party is entitled to judgment or partial

---

[2] When the parties and the trial court rely on documentary evidence outside the pleadings, we treat the motion as having been granted under MCR 2.116(C)(10). *Mino v Clio Sch Dist*, 255 Mich App 60, 63 n 2; 661 NW2d 586 (2003). We address the motion as being granted under MCR 2.116(C)(10) in light of the parties' submission of documentary evidence such as the Lady Bird deeds, affidavits, and letters. However, appellate review is limited to the trial court record, and a party may not expand the record on appeal. *Meisner Law Group, PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 724-725; 909 NW2d 890 (2017). On appeal, RPC filed documentary evidence not submitted in the lower court record, such as the power of attorney and trust excerpts,

judgment as a matter of law." MCR 2.116(C)(10). When reviewing a motion for summary disposition challenged under MCR 2.116(C)(10), the court considers the affidavits, pleadings, depositions, admissions, and other admissible documentary evidence then filed in the action or submitted by the parties in the light most favorable to the nonmoving party. MCR 2.116(G)(4), (G)(5); *Buhl v City of Oak Park*, 507 Mich 236, 242; 968 NW2d 348 (2021). If it appears that summary disposition is proper in favor of the opposing party, instead of the moving party, summary disposition may be granted under MCR 2.116(I)(2). *Empire Iron Mining Partnership v Tilden Twp*, 337 Mich App 579, 586; 977 NW2d 128 (2021). Issues of statutory interpretation present questions of law subject to de novo review. *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020).

### III. CONSERVATOR'S AUTHORITY TO EXECUTE LADY BIRD DEED

Lucas argues that RPC, as conservator, had no legal right to execute the second Lady Bird deed on behalf of Barbara without a court order. We disagree.

A Lady Bird deed is an estate planning tool that is generally utilized as a means to forgo the probate process. *In re Estate of Rasmer*, 501 Mich 18, 44 n 18; 903 NW2d 800 (2017). To that end, such a deed "allows a property owner to transfer ownership of the property to another while retaining the right to hold and occupy the property and use it as if the transferor were still the sole owner." *Id*. (quotation marks and citation omitted). "A Lady Bird deed conveys an enhanced life estate that reserves to the grantor the rights to sell, commit waste, and almost everything else." *Bill & Dena Brown Trust v Garcia*, 312 Mich App 684, 687 n 2; 880 NW2d 269 (2015) (quotation marks, citation, and alteration omitted).

Conservatorships are governed by the Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq.*. MCL 700.5401(3) provides that a conservator may be appointed if an "individual is unable to manage property and business affairs effectively for reasons such as mental illness, mental deficiency, physical illness or disability" and "[t]he individual has property that will be wasted or dissipated unless proper management is provided, or money is needed for the individual's support, care, and welfare or for those entitled to the individual's support, and that protection is necessary to obtain or provide money." MCL 700.5401(3).

Under MCL 700.5423, the conservator was afforded broad powers to act on behalf of a protected person subject to the following limitation:

> A conservator shall not sell or *otherwise dispose* of the protected individual's principal dwelling, real property, or interest in real property or mortgage, pledge, or cause a lien to be placed on any such property *without approval of the court*. The court shall only approve the sale, disposal, mortgage, or pledge of or lien against the principal dwelling, real property, or interest in real property if, after a hearing with notice to interested persons as specified in the

---

and did not move to expand the record on appeal. It requested that we consider this evidence under MCR 7.216(A)(4). Because this appeal is primarily resolved in light of the nature of the Lady Bird deeds, we need not consider this evidence not presented in the lower court record.

Michigan court rules, the court considers evidence of the value of the property and otherwise determines that the sale, disposal, mortgage, pledge, or lien is in the protected individual's best interest. [MCL 700.5423(3) (emphasis added).]

The parties dispute whether the execution of a Lady Bird deed is a disposal of property for the purposes of MCL 700.5423(3). This Court's "primary task in construing a statute . . . is to discern and give effect to the intent of the Legislature." *In re AGD*, 327 Mich App 332, 343; 933 NW2d 751 (2019). "The words used by the Legislature in writing a statute provide us with the most reliable evidence of the Legislature's intent." *Drew v Cass Co*, 299 Mich App 495, 499; 830 NW2d 832 (2013). "If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted." *Vermilya v Delta College Bd of Trustees*, 325 Mich App 416, 418-419; 925 NW2d 897 (2018) (quotation marks and citation omitted).

The EPIC does not define the term "dispose." Thus, common or nontechnical words and phrases should be construed according to their plain meaning and in accord with the context in which the words are used. *South Dearborn Environmental Improvement Ass'n, Inc v Dep't of Environmental Quality*, 502 Mich 349, 361; 917 NW2d 608 (2018). Additionally, when the statute fails to define a term "it is appropriate to consult dictionary definitions to determine [its] plain and ordinary meaning . . . ." *Id*. The word "dispose" means "to transfer to the care or possession of another." *Merriam-Webster's Collegiate Dictionary* (11th ed).

Through the execution of the second Lady Bird deed, RPC did not dispose of the property. The first and second Lady Bird deeds did not alter Barbara's interest in the property. She retained a life estate before and after the execution of both deeds. And the only change between the first and second Lady Bird deeds was the identity of the remainderman. As noted, the grantor of a Lady Bird deed retains virtually all rights in the property, including the right to revoke the deed. *Bill & Dena Brown Trust*, 312 Mich App at 687 n 2. Furthermore, the remainderman in the unique life estate created by a Lady Bird deed has no interest in the property until after the death of the grantor. Therefore, by revoking one Lady Bird deed through the execution of a subsequent Lady Bird deed, Barbara's interest in the property never changed; she at all relevant times retained virtually all rights in the property. And any interest by Lucas did not vest unless and until Barbara died with Lucas identified as the remainderman. Thus, the conservator did not dispose of—i.e., transfer— the property when it executed the new Lady Bird deed designating the trust as the remainderman.[3]

---

[3] Lucas raises two additional statutory arguments alleging conservator impropriety regarding gifts and making a will. We reject these arguments because Lucas submitted that the transfer of the property was the result of a contractual agreement to provide services in exchange for the home, not a gift. Moreover, to apply MCL 700.5426(1), the estate must be "more than sufficient" for distributions to occur, and there was no evidence delineated in the record regarding the sufficiency of the estate. Finally, by executing the Lady Bird deed, RPC clearly did not improperly make a will for Barbara.

## IV. CONSERVATOR'S FIDUCIARY DUTIES

Lucas submits that RPC owed her fiduciary duties because she was a beneficiary of the estate and that RPC breached these duties by executing the second Lady Bird deed. We disagree.

A conservator is required to "act as a fiduciary and observe the standard of care applicable to a trustee." MCL 700.5416. "A fiduciary stands in a position of confidence and trust with respect to each heir, devisee, beneficiary, protected individual, or ward for whom the person is a fiduciary." MCL 700.1212(1). The term "beneficiary" includes a deed's grantee. MCL 700.1103(d)(*iv*). "A violation by a fiduciary of a duty the fiduciary owes to an heir, devisee, beneficiary, protected individual, or ward for whom the person is a fiduciary is a breach of duty." MCL 700.1308(1).

Lucas contends that RPC breached its fiduciary duties by transferring property to the trust that was contrary to the Greers' estate plan. However, if the Lady Bird deed was the avenue employed to evidence a contractual agreement between the Greers and Lucas, it was ineffectual. The Lady Bird deed only gave effect to any interest held by Lucas upon the death of the Greers, and the Greers had the right to alter the remainderman before their deaths. Because a contractual agreement between the Greers and Lucas was not prepared and in light of the revocable nature of this Lady Bird deed,[4] there is no indication that RPC breached a fiduciary duty to Lucas. Rather, the preparation of the second Lady Bird deed reflected the duty owed by RPC to its ward, Barbara Greer, a protected individual. The probate court properly granted summary disposition of any claim alleging breach of fiduciary duty.[5]

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Anica Letica

---

[4] To support her claim to the home, Lucas presented letters and affidavits from friends, acquaintances, and caregivers with whom the Greers conversed. However, Lucas did not present an affidavit or other information from the preparer of the first Lady Bird deed.

[5] Lucas also claims that the probate court erred in granting summary disposition to RPC because the sole ground raised in RPC's dispositive motion challenged standing, and Lucas clearly had standing to pursue her claims. In its dispositive motion, RPC claimed that it had the authority to execute the second Lady Bird deed because of the nature of the interests conveyed. Specifically, Lucas did not acquire an interest until both Greers died, and the Greers had the right to alter the remainderman prior to their deaths. In light of the nature of the Lady Bird deeds, it was submitted that Lucas did not have an interest in the home, and summary disposition was proper for lack of "standing." Thus, RPC's use of the term "standing" did not address the ability to file suit but the lack of a property interest. This argument is without merit.