*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GERALD BRUCE,

        Plaintiff-Appellant,

v

BAY CITY PUBLIC SCHOOL BOARD OF
TRUSTEES,

        Defendant-Appellee.

UNPUBLISHED
December 06, 2024
12:08 PM

No. 365999
Bay Circuit Court
LC No. 2022-003354-CZ

Before: YATES, P.J., and CAVANAGH and MARIANI, JJ.

PER CURIAM.

In this lawsuit brought under the Open Meetings Act (OMA), MCL 15.261 *et seq.*, plaintiff-appellant, Gerald Bruce, alleges that defendant-appellee, Bay City Public School Board of Trustees, violated the OMA in several ways with respect to three closed sessions it held for the purpose of discussing written legal advice from counsel. The trial court denied plaintiff's motion for summary disposition under MCR 2.116(C)(10) and granted summary disposition in favor of defendant pursuant to MCR 2.116(I)(2). Plaintiff now appeals by right. We affirm.

## I. FACTUAL BACKGROUND

At issue in this case are three closed sessions held by defendant during public meetings on January 4, 2021, December 13, 2021, and May 9, 2022, respectively. The January 4, 2021 and May 9, 2022 meeting minutes state that defendant's members, the board trustees, voted to go into closed session for the purpose of attorney-client privilege, "as allowed in Section 8(h) of the Open Meetings Act." Similarly, the December 13, 2021 meeting minutes state that the closed session was "for written attorney-client privilege as permitted under Section 8(h) of the Open Meetings Act." In an affidavit, defendant's attorney, Tim Winship, averred that at each of the three closed sessions, he had written legal opinions to discuss with defendant, copies of which he passed out to the trustees at the start of each closed session and collected at the end. The trustees all testified that when they vote on whether to go into closed session to consider a matter covered by the attorney-client privilege, they generally do not know what the precise topic or subject matter of the closed session will be.

-1-

Regarding the December 13, 2021 closed session, board trustee Tom Baird testified in his deposition that "what was being discussed in the closed session was in response to an e-mail that I had sent to the board attorney." In his e-mail, Baird complained to Winship about another trustee who had spoken to the media, allegedly on behalf of defendant, about the possibility of installing metal detectors in schools. Baird complained that he had previously been censured for speaking to the media while this trustee had not.

Plaintiff filed suit against defendant, claiming that defendant violated the OMA by (1) going into closed session on December 13, 2021 to discuss a matter which plaintiff alleged was not privileged, (2) failing to adequately set forth the purpose of the closed sessions in the meeting minutes, and (3) voting to go into closed session without knowing what the subject matter of the closed session would be. Plaintiff moved for summary disposition pursuant to MCR 2.116(C)(10), and defendant responded by asking the trial court to deny plaintiff's motion and to instead grant summary disposition in its favor pursuant to MCR 2.116(I)(2). Following a hearing, the trial court denied plaintiff's motion and granted summary disposition in favor of defendant. This appeal followed.

## II. STANDARD OF REVIEW

A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Summary disposition under that subrule is warranted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. When reviewing a motion for summary disposition under MCR 2.116(C)(10), we consider the documentary evidence submitted by the parties in the light most favorable to the nonmoving party. *Id*. A genuine issue of material fact exists when the record leaves open a genuine issue upon which reasonable minds might disagree. *Johnson v Vanderkooi*, 502 Mich 751, 761; 918 NW2d 785 (2018).

"[S]ummary disposition is proper under MCR 2.116(I)(2) if the court determines that the opposing party, rather than the moving party, is entitled to judgment as a matter of law." *Blackwell v Livonia*, 339 Mich App 495, 501; 984 NW2d 780 (2021).

## III. THE DECEMBER 13, 2021 CLOSED SESSION

Plaintiff first argues that defendant violated the OMA by relying on the attorney-client privilege to enter into a closed session at its December 13, 2021 meeting. We disagree.

The purpose of the OMA is "to promote governmental accountability by facilitating public access to official decision making and to provide a means through which the general public may better understand issues and decisions of public concern." *Vermilya v Delta College Bd of Trustees*, 325 Mich App 416, 419; 925 NW2d 897 (2018) (quotation marks and citation omitted). To further the purpose of the OMA, its requirements are interpreted broadly and its exemptions are interpreted narrowly. *Herald Co v Tax Tribunal*, 258 Mich App 78, 85; 669 NW2d 862 (2003), abrogated on other grounds by *Speicher v Columbia Twp Bd of Trustees*, 497 Mich 125; 860 NW2d 51 (2014).

"Under the OMA, public bodies must conduct their meetings, make all of their decisions, and conduct their deliberations (when a quorum is present) at meetings open to the public."

*Speicher*, 497 Mich at 134-135.  As the OMA expressly provides, however, a public body may meet in a closed session[1] for certain enumerated purposes.  *Vermilya*, 325 Mich App at 420, citing MCL 15.268.  Relevant here, a public body may meet in a closed session "[t]o consider material exempt from discussion or disclosure by state or federal statute."  MCL 15.268(1)(h).  The statute at issue in this case is Michigan's Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, which permits a public body to exempt from disclosure "[i]nformation or records subject to the attorney-client privilege."  MCL 15.243(1)(g).

As this Court has explained, MCL 15.268(1)(h) permits a public body to meet in a closed session for the purpose of considering an attorney's written legal opinion.  See, e.g., *Mr Sunshine v Delta College Bd of Trustees*, 343 Mich App 597, 604; 997 NW2d 755 (2022) ("[A]n attorney's written legal opinion is subject to the attorney-client privilege. . . . Thus, defendant's decision to initiate a closed session to discuss a written legal opinion falls within [MCL 15.268(1)(h)] because material and discussions subject to the attorney-client privilege are statutorily exempt from public disclosure under the FOIA.").  Although a public body may not "evade the open meeting requirement of the OMA merely by involving a written opinion from an attorney in the substantive discussion of a matter of public policy for which no other exemption in the OMA would allow a closed meeting," MCL 15.268(1)(h) permits discussion with counsel during a closed session, "limited to the meaning of any strictly legal advice presented in the written opinion."  *People v Whitney*, 228 Mich App 230, 247; 578 NW2d 329 (1998).

As the trial court in this case correctly recognized, there is no genuine issue of material fact that defendant entered into a closed session on December 13, 2021 for a permissible purpose under MCL 15.268(1)(h)—consideration of defendant's attorney's written legal opinion.  The meeting minutes state that the closed session was held "for written attorney-client privilege as permitted under Section 8(h)."  And, in his affidavit, Winship averred to the same, stating that at the closed session he "had [a] written legal opinion[] to discuss with the Board of Education."  Plaintiff has failed to present any evidence or argument which demonstrates a genuine factual dispute as to whether defendant considered a written legal opinion in the closed session.

Plaintiff points to Baird's December 2, 2021 e-mail to Winship and Baird's testimony that the discussion in the closed session was in response to his e-mail.  But nothing about this evidence refutes defendant's evidence that defendant considered Winship's written legal opinion in the closed session—which, generally, is sufficient to warrant a closed session.  See *Mr Sunshine*, 343 Mich App at 604.  Plaintiff has not offered any evidence that suggests that Winship's written legal opinion did not pertain to matters subject to the attorney-client privilege as that privilege is conventionally understood, or was utilized as a pretext for holding an otherwise impermissible closed session.  Cf. *Whitney*, 228 Mich App at 247.

Instead, plaintiff's arguments center around his general contention that defendant cannot avail itself of the common-law attorney-client privilege, and instead can only invoke a substantially more limited "government attorney-client privilege."  According to plaintiff, this narrower privilege applies only to certain subject matters and, with the exception of discussion of

---

[1] " 'Closed session' means a meeting or part of a meeting of a public body that is closed to the public."  MCL 15.262(c).

pending litigation, is defeated by the OMA's open-meetings requirement. Caselaw, however, belies plaintiff's argument. There is no precedential authority in our state that holds that a governmental entity enjoys only some sort of limited "government attorney-client privilege." To the contrary, this Court has routinely accorded the common-law attorney-client privilege to governmental entities and officials. See, e.g., *Detroit News, Inc v Ind Citizens Redistricting Comm*, 508 Mich 399, 409-410; 976 NW2d 612 (2021) (collecting cases). Plaintiff's argument otherwise relies on a footnote in our Supreme Court's decision in *Detroit News*. But the footnote is merely dictum and does not establish that defendant does not enjoy the common-law attorney-client privilege or that it instead can only invoke a more limited attorney-client privilege.

At issue in *Detroit News* was whether the Independent Citizens Redistricting Commission violated Michigan's constitutional requirement that the Commission "conduct all of its business at open meetings," Const 1963, art 4, § 6(10), when the Commission held a closed session to discuss memoranda that involved matters covered by the common-law attorney-client privilege. See 508 Mich at 404-406. Our Supreme Court was confronted with whether this constitutional provision limited the common-law attorney-client privilege. *Id*. at 412. The Court concluded that, because the privilege was a product of the common law, it must give way to the extent it was "repugnant" to the Constitution. *Id*. And because our Constitution expressly provided that the Commission must " 'conduct *all* of its business at open meetings[,]' " this requirement prevailed over the common-law privilege. *Id*. at 416, quoting Const 1963, art 4, § 6(10) (emphasis added in *Detroit News*).

In discussing this Court's precedent according the common-law attorney-client privilege to governmental entities and officials, our Supreme Court acknowledged, in a footnote, that some commentators and courts have questioned whether a governmental entity enjoys the full scope of the common-law attorney-client privilege. *Id*. at 411 n 4. But this observation was merely dictum. The Court did not affirmatively adopt this observation or base any of its holding or analysis upon it; to the contrary, it recognized, and did not purport to disrupt, this Court's precedent otherwise. *Id*. at 409-410. See *DC Mex Holdings LLC v Affordable Land LLC*, 320 Mich App 528, 540; 907 NW2d 611 (2017) (explaining that "dictum is a judicial comment that is not necessary to the decision in the case, and it does not constitute binding authority") (cleaned up). The observation does not, as plaintiff argues, establish that defendant does not enjoy the common-law attorney-client privilege or that it enjoys only a more limited privilege.

Nor does *Detroit News* establish, as plaintiff argues, that the OMA's open-meetings requirement prevails over the common-law attorney-client privilege. Here, unlike in *Detroit News*, the relevant open-meetings requirement does not derive from the Constitution, which prevails over any "repugnant" application of the common-law attorney-client privilege. Nor does it require that *all* business of defendant, without exception, be conducted in open meetings. Instead, the open-meetings requirement at issue in this case derives from a statute, the OMA, which expressly allows for closed sessions. See MCL 15.268. Specifically, MCL 15.268(1)(h) provides that a closed session may be held "[t]o consider material exempt from discussion or disclosure by state or federal statute." MCL 15.268(1)(h). In turn, FOIA provides that "[i]nformation or records subject to the attorney-client privilege" may be shielded from disclosure. MCL 15.243(1)(g). These provisions do not indicate any intent by the Legislature to abrogate the common-law attorney-client privilege as to governmental entities and their open meetings; if anything, these provisions confirm that privilege's applicability. See, e.g., *Malone v McRell*, ___ Mich App ___, ___; ___

-4-

NW3d ___ (2023) (Docket No 356416); slip op at 2 (explaining that "[t]his Court will not lightly presume that the Legislature has abrogated the common law" and that "[o]ur Legislature should speak in no uncertain terms when it exercises its authority to modify the common law") (quotation marks and citations omitted).

Lastly, plaintiff argues that the December 13, 2021 closed session was improper because Baird's December 2, 2021 e-mail was not a confidential communication and therefore not privileged. This argument is misplaced. The unrefuted evidence shows that the purpose of the closed session was not to discuss Baird's e-mail, but to discuss Winship's written legal opinion which was prompted by that e-mail. It is irrelevant whether Baird's e-mail itself constitutes a confidential communication.

In sum, plaintiff has not shown that defendant violated the OMA by entering into a closed session on December 13, 2021, nor do the record and law betray a genuine issue of material fact in that regard. Accordingly, the trial court properly denied plaintiff's motion for summary disposition and granted summary disposition in favor of defendant on this basis.

IV. THE MEETING MINUTES

Plaintiff next argues that, for all three closed sessions at issue, defendant violated the OMA's requirement that the purpose for calling a closed session shall be entered into the meeting minutes. According to plaintiff, defendant merely repeated the OMA's statutory language in its meeting minutes and was instead required to provide factual details showing that the specific matter being discussed in the closed session was covered by the attorney-client privilege. We disagree.

MCL 15.267(1) provides that "the purpose or purposes for calling the closed session shall be entered into the minutes of the meeting at which the vote is taken." See also MCL 15.269(1) ("Each public body shall keep minutes of each meeting showing . . . the purpose or purposes for which a closed session is held."). As the trial court correctly recognized, defendant's meeting minutes did not run afoul of this requirement.

This Court's decision in *Mr Sunshine*, 343 Mich App 597, is on point. There, the defendant stated in its meeting minutes that its purpose in entering the closed session was to "consider material exempt from discussion or disclosure by state or federal statute—a written legal opinion." *Id*. at 610. Like here, the plaintiff argued that this description was insufficient because it was a "mere recitation of the statutory language." *Id*. at 610-611. This Court rejected the plaintiff's argument because the description went beyond the OMA's statutory language by indicating that the purpose was to discuss a written legal opinion. *Id*. at 611. Likewise, here, defendant's stated purpose for the closed session did not simply recite the OMA's statutory language, which provides that a public body may enter into a closed session "[t]o consider material exempt from discussion or disclosure by state or federal statute." MCL 15.268(1)(h). Defendant's meeting minutes went further, stating that the purpose was "for written attorney-client privilege" or "for the attorney-client privilege as allowed under Section 8(h) of the Open Meetings Act."

Plaintiff, relying on *Vermilya*, 325 Mich App 416, and *Herald*, 258 Mich App 78, argues that this description was inadequate and that defendant was instead required to provide factual

-5-

details about the contents of the material at issue to prove its privileged nature. But this Court has squarely rejected that argument as well. See *Mr Sunshine*, 343 Mich App at 611 (explaining that OMA does not require a "public body to offer *proof* that the document at issue is privileged" but instead only requires "that the public body *describe* the document"—a requirement it can meet by indicating that the closed session involved a written legal opinion). See also *Hindelang v City of Grosse Pointe*, unpublished per curiam opinion of the Court of Appeals, issued May 18, 2023 (Docket No. 359156), p 18 (concluding that the defendant sufficiently stated the purpose of a closed session by indicating that it was to "review an attorney memorandum subject to attorney client privilege"); *Emsley v Charter Twp of Lyon Bd of Trustees*, unpublished per curiam opinion of the Court of Appeals, issued December 2, 2021 (Docket No. 353097), p 8 (concluding that it was sufficient under the OMA for the defendant to describe the material as attorney-client privileged, and rejecting the plaintiff's argument based on *Vermilya* and *Herald* that a more detailed description was required).[2]

Plaintiff does not acknowledge, let alone address, *Mr Sunshine*, and we see no reason to depart from it in this case. Because there is no genuine factual dispute that defendant's meeting minutes sufficiently set forth the purpose of the closed sessions, the trial court properly denied plaintiff's motion for summary disposition and granted summary disposition in favor of defendant on this basis.

## V. VOTING TO ENTER INTO CLOSED SESSION

Lastly, plaintiff argues that defendant's members violated the OMA by voting to enter into closed sessions without knowing the specific topic or subject matter they would be discussing, only that the matter was identified as privileged by their attorney. Plaintiff, however, fails to explain how this, in itself, amounts to a violation of the OMA, or to support his argument with relevant legal authority. Nor, as discussed, has plaintiff identified any genuine factual dispute regarding whether the closed sessions at issue in this case were, in fact, convened for a proper purpose. Plaintiff has not adequately developed this argument, and we see no grounds for relief in it. See *City of Highland Park v State Land Bank Auth*, 340 Mich App 593, 612; 986 NW2d 638 (2022).

Affirmed.

/s/ Christopher P. Yates
/s/ Mark J. Cavanagh
/s/ Philip P. Mariani

---

[2] Unpublished opinions are not binding, MCR 7.215(C)(1), but may be persuasive, "especially when the unpublished case involves similar facts or when little published authority exists that is on point." *Miclea v Cherokee Ins Co*, 333 Mich App 661, 670; 963 NW2d 665 (2020).